

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00368-CV

LYNDA MARINO,

                                                    Appellant

 v.

CHARLES KING,

                                                    Appellee

From the 361st District Court
Brazos County, Texas
Trial Court No. 08-002628-CV-361

## MEMORANDUM OPINION

Lynda Marino appeals the granting of Charles King's traditional motion for summary judgment, which was based on a request for admissions that were deemed admitted.  Marino complains that the trial court erred by not withdrawing the deemed admissions, that the deemed admissions served as an impermissible death penalty sanction, and that King was not entitled to summary judgment as a matter of law even with the deemed admissions because some of the admissions called for legal conclusions.  Because we find that the trial court did not err, we affirm the judgment of the trial court.

*Request for Admissions*

Rule 198.2(c) of the rules of civil procedure states that the failure to file a timely response to a request for admissions results in those requests being admitted. TEX. R. CIV. P. 198.2(c). Rule 198.3 allows a trial court to permit a party to withdraw the admissions if, (1) the party who failed to answer demonstrates good cause for the withdrawal of the admissions, and (2) that the opposing party is not unduly prejudiced by the withdrawal of the admissions. TEX. R. CIV. P. 198.3.

We review the trial court's rulings on the withdrawal of deemed admissions for an abuse of discretion. *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005) (per curiam) ("[T]rial courts have broad discretion to permit or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles.").

*Procedural History*

King served his discovery requests, including a request for admissions, by mail on April 6, 2009. Marino signed for the discovery on April 27, 2009. On May 22, 2009, Marino sent a letter to counsel for King stating that she would provide her responses on June 2, 2009. She provided her answers on June 2 as stated. On June 12, 2009, King filed a traditional motion for summary judgment on his theft claim based on Marino's deemed admissions because she did not timely respond to the request. The summary judgment hearing was conducted on August 6, 2009.

In the interim, Marino propounded her own discovery requests on King, filed a motion to compel based on incomplete responses to her requested discovery, filed a

motion to dismiss the suit because of a claim that the wrong party had brought suit, and filed a motion for mediation. She did not file a response to King's motion for summary judgment or a request to withdraw the deemed admissions.

Marino appeared at the hearing on the motion for summary judgment and attempted to explain to the trial court the reasons for her failure to answer the discovery. The trial court explained the need for Marino to have followed the rules of civil procedure regarding extensions of time to respond to discovery and the effect of her failure to timely answer the request for admissions. Marino requested the trial court to delay the summary judgment, described her need for complete discovery from King to aid in her defense to the trial court, and for the trial court to instead consider her motion to dismiss. The trial court granted King's motion for summary judgment and entered judgment against Marino.

Marino filed a timely motion for new trial, which was never set for hearing, and this appeal followed.

*Withdrawal of Deemed Admissions*

Marino complains in her first issue that the trial court abused its discretion in not withdrawing the deemed admissions. Marino contends that the Texas Supreme Court's decision in *Wheeler v. Green* should be determinative of this issue. *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005) (per curiam) ("[E]quitable principles allowing these arguments to be raised in a motion for new trial do not apply if a party realizes its mistake before judgment and has other avenues of relief available."). *Wheeler* involved a pro se respondent in a child custody action who filed her answers to a request for admissions

two days past the deadline because of a misunderstanding of the "mailbox rule." *Id*. at 441-42. The Court ultimately concluded that "nothing in [the] record suggest[ed] that before summary judgment was granted, [the responding party] realized that her responses were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument." *Id*. at 442. As a result, the Court held that the responding party was entitled to raise the issue of the mistake for the first time in a motion for new trial. *Id*.

King, however, contends that the Texas Supreme Court's decision in *Unifund CCR Partners v. Weaver* is applicable and distinguishes Marino's claims from those in *Wheeler*. *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796 (Tex. 2008). In *Unifund*, the Court held that in an instance when a party was made aware of his mistake in the opposing party's motion for summary judgment and did not attempt to rectify it, that party could not complain for the first time about the trial court's failure to withdraw the deemed admissions in a motion for new trial. *Unifund*, 262 S.W.3d at 798 ("Weaver knew of his mistake before judgment and could have responded to Unifund's motion, but because he did not, he waived his right to raise the issue thereafter.").

We agree with King that *Wheeler* is distinguishable from the facts before us. Similar to *Unifund*, Marino was given notice of the late filing of her answers to the request for admissions in King's motion for summary judgment. Marino did not attempt to have the trial court withdraw the admissions prior to the entry of judgment against her. Further, while Marino filed a motion for new trial, she did not request the trial court to withdraw her deemed admissions in that motion either. In order to

Marino v. King                                                                                   Page 4

preserve an objection for appeal, the complaint must have been presented to the trial court. TEX. R. APP. P. 33.1(a)(1). We find that Marino has waived her complaint regarding the withdrawal of the deemed admissions against her by failing to raise the issue in any manner, either before or after judgment, to the trial court. *See* TEX. R. APP. P. 33.1(a). We overrule issue one.

*Death Penalty Sanctions*

Marino complains in her second issue that the trial court's granting of King's motion for summary judgment constituted a "death penalty sanction" for discovery abuse and was an abuse of discretion. For purposes of this issue we will assume without deciding that deeming a request for admissions that was not timely responded to is a discovery sanction. However, like her first issue, Marino never presented this complaint to the trial court or objected to the trial court on this basis. Therefore, Marino has also waived this complaint by failing to raise it to the trial court. TEX. R. APP. P. 33.1. We overrule issue two.

*Traditional Motion for Summary Judgment*

Marino complains in issue three that even if the admissions were properly deemed admitted, King was not entitled to judgment on his motion for summary judgment as a matter of law because some of the requests sought legal conclusions which are not proper summary judgment proof. Specifically, Marino complains of four of the thirty-one requests.

*Standard of Review*

We review a trial court's decision to grant or to deny a motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192, 199 (Tex. 2007). Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon*, 690 S.W.2d at 548-49.

The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999). When the movant's summary judgment proof is legally insufficient, "[t]he trial court may not grant summary judgment by default because the nonmovant did not respond to the summary judgment motion." *Id.* at 223. "The movant must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's cause of action or defense as a matter of law." *Id.*

*Objections to Summary Judgment Evidence*

While objections to the form of summary judgment evidence must be raised before the trial court in order to be preserved for purposes of appeal, objections to the

substance of the evidence may be raised for the first time on appeal. *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.). An objection that summary judgment evidence seeks a conclusion regarding a question of law is an objection to the substance of the evidence. *See Id*. at 241-42.

*King's Motion for Summary Judgment*

King's motion for summary judgment sought judgment on his claim pursuant to the Texas Theft Liability Act only.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. Ch. 134 (Vernon 2005). Pursuant to the Texas Theft Liability Act, a person who commits theft is liable for the damages resulting from the theft. TEX. CIV. PRAC. & REM. CODE ANN. § 134.003(a) (Vernon 2005). Theft is defined as "unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03, 31.04, 31.05, 31.06, 31.07, 31.11, 31.12, 31.13, 31.14" of the Texas Penal Code. *Id*. § 134.003(a); *see also* TEX. PEN. CODE ANN. §§ 31.03-31.07, 31.11-31.14 (Vernon 2003 & Supp. 2008). Section 31.03(a) of the Texas Penal Code provides that a person commits an offense if that person unlawfully appropriates property with intent to deprive the owner of property. TEX. PEN. CODE ANN. § 31.03(a). Appropriation of property is unlawful if it is without the owner's effective consent. *Id*. § 31.03(b)(1).

*Objectionable Admissions*

Marino complains of four of the admissions as seeking legal conclusions. The first seeks an admission that the relationship between King and Marino "was one in

---

[1] King's original petition included claims for breach of fiduciary duty, conversion, money had and received, fraud, negligent misrepresentation, and pursuant to the Texas Theft Liability Act. King sought actual and punitive damages as well as attorney's fees for these claims.

which [King] placed special confidence in [Marino], and, as such, you [Marino] in equity and good conscience were bound to act in good faith with due regard for the interest of [King]." The second sought an admission that the money she withdrew from King's account was King's personal property. The third sought an admission that the money Marino withdrew belonged to King "in equity and good conscience." The fourth sought an admission that King was entitled to recover actual damages in a certain amount.

*Other Admissions*

King contends that even if those admissions were improper, the other admissions to which Marino did not object are sufficient to sustain the trial court's granting of the motion for summary judgment. We agree. The unobjected-to admissions contained admissions that Marino had made withdrawals from King's account without King's knowledge; that Marino had made unauthorized payments and advances to herself; that Marino had withdrawn funds for Christmas bonuses; that Marino had not attempted to repay the advances; that King owned, possessed, or had the right to immediate possession of the $33,559.92 that was withdrawn by Marino; that Marino exercised control over that money and that King suffered injury as a result; and that she was in possession of the $33,559.92.

*Analysis*

Even if we assume without deciding that the admissions of which Marino complains were improper and should not have been considered because they constituted legal conclusions, the remaining admissions were sufficient to establish each

element of theft as required by the Penal Code and the Theft Liability Act. We overrule issue three.

*Conclusion*

We find that Marino has waived her complaints regarding the failure of the trial court to withdraw the deemed admissions by failing to make her complaint to the trial court. We find that even without the admissions of which Marino complains, the evidence was sufficient to sustain the trial court's granting of King's motion for summary judgment. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed September 1, 2010
[CV06]