COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JAIME SOTO, | § | No. 08-12-00194-CV |
| Appellant, | § | Appeal from the |
| v. | § | 205th District Court |
| GENERAL FOAM & PLASTICS | § | of El Paso County, Texas |
| CORPORATION, | § | |
| Appellee. | § | (TC# 2007-3334) |
| | § | |

## O P I N I O N

Jaime Soto appeals from a summary judgment entered in favor of General Foam & Plastics Corporation (General Foam). For the reasons that follow, we affirm.

### FACTUAL SUMMARY

Jaime Soto was employed by General Foam and worked in the company's Mexican plant, Arboles Navidenos De Juarez, S.A. de C.V., located in Ciudad Juarez, Chihuahua, Mexico. Arboles Navidenos is a Mexican company. Even though Soto was assigned to Arboles Navidenos, he was an employee of General Foam. General Foam suspended Soto's employment for four days without pay for taking an extended lunch period without his supervisor's permission. Soto did not return to work on the expected date. He instead filed a claim with the Mexican Labor Board for unemployment benefits asserting he had been terminated from

employment with Arboles Navidenos. Soto also sought unemployment benefits from the Texas Workforce Commission claiming his employment with General Foam had been suspended.

In 2007, General Foam filed suit against Soto alleging a common law fraud cause of action. On September 4, 2008, the trial court entered an order compelling Soto to respond to General Foam's interrogatories and requests for production and disclosure, but Soto refused to cooperate with his attorney, Enrique Lopez. General Foam subsequently filed a motion for sanctions based on Soto's failure to respond to its interrogatories, request for production, request for disclosure, and request for admissions. Lopez filed a motion to withdraw based on Soto's failure to communicate with him and provide the requested discovery documents. Lopez supported the motion to withdraw with a letter sent to Soto stating that he and Soto had met in December 2010 and counsel informed him that it was urgent he produce the discovery documents requested by General Foam but as of February 2, 2011, Lopez had not heard from Soto and he had not produced the requested documents. Lopez also informed Soto that he had filed a motion to withdraw as his attorney and the trial court had set the motion to withdraw and a motion for sanctions hearing on February 15, 2011. The trial court granted the motion to withdraw on February 15, 2011. The court also granted General Foam's motion for sanctions, ordered that General Foam's requests for admissions were deemed admitted, and awarded attorney's fees in the amount of $3,200.

Soto did not retain new counsel and for the next year he represented himself. Approximately one year after the trial court entered the sanctions order, General Foam filed a motion for traditional summary judgment relying in large part on Soto's deemed admissions that he was not terminated, he decided to not return to work, he was not an employee of Arboles Navidenos, he committed fraud, he knowingly made false statements in his cause of action

against Arboles Navidenos, and he intentionally failed to disclose to the Mexican court that he made the decision not to return to his job with General Foam. Soto did not file a summary judgment response and he appeared *pro se* at the hearing on March 22, 2012. The trial court entered an order granting summary judgment in favor of General Foam.

Soto subsequently retained his original counsel, Enrique Lopez, and Lopez filed a motion for new trial on behalf of Soto alleging he is entitled to a new trial under the standard of *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (Tex. 1939). Soto supported his motion with his own affidavit. He averred that he was not represented by legal counsel at the time the summary judgment motion was filed, he was unaware he was required to file a written response, and he believed he was only required to appear and argue his defense at the hearing. Soto also attempted to contradict the deemed findings. General Foam filed a response and requested that the court strike Soto's affidavit because it was an impermissible attempt to contradict the deemed findings. General Foam also urged the trial court to deny the motion for new trial without a hearing. The trial court entered an order finding that a hearing on the motion for new trial was not justified. Soto's motion for new trial was overruled by operation of law.

## MOTION FOR NEW TRIAL

Soto raises two related issues on appeal related to his motion for new trial. First, he argues that the trial court abused its discretion by not affording him an evidentiary hearing. Second, he contends that he met the *Craddock* standard, and therefore, the trial court abused its discretion by not granting him a new trial. We will begin with the second issue because it requires us to determine by what standard Soto's motion for new trial must be measured.

*Standard of Review*

A trial court possesses broad discretion in ruling on a motion for new trial. *Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987); *Acosta v. Tri State Mortgage Company*, 322 S.W.3d 794, 801 (Tex.App.--El Paso 2010, no pet.). Accordingly, we review the court's denial of a motion for new trial for an abuse of discretion. *Id*. When a motion for new trial is overruled by operation of law, as in this case, the question presented is whether the trial court abused its discretion by allowing the motion to be overruled. *Limestone Construction, Inc. v. Summit Commercial Industrial Properties, Inc.*, 143 S.W.3d 538, 542 (Tex.App.--Austin 2004, no pet.), *citing Bank One of Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or it acts without reference to any guiding principles of law. *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985); *Acosta*, 322 S.W.3d at 801.

### *Craddock is Inapplicable*

Soto argues, as he did in the trial court, that his motion for new trial is governed by the equitable standard established in *Craddock v. Sunshine Bus Lines*. This standard applies to a motion for new trial challenging a no-answer default judgment. *Craddock*, 133 S.W.2d at 125-26. It also applies to a post-answer default judgment where a party fails to appear for trial on the merits. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). Under this standard, a default judgment must be set aside when the defendant establishes that (1) the failure to answer or appear was not intentional or the result of conscious indifference, but was the result of accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the party taking the default judgment. *Carpenter v. Cimarron Hydrocarbons Corporation*, 98 S.W.3d 682, 684 (Tex. 2002); *Craddock*, 133 S.W.2d at 126.

- 4 -

In *Carpenter v. Cimarron Hydrocarbons*, the Supreme Court addressed whether the *Craddock* standard applies to a motion for new trial filed after summary judgment has been granted where the non-movant failed to file a timely response. Cimarron's attorney discovered he had not filed a response two days before the summary judgment hearing. 98 S.W.3d at 684. He filed a motion for leave to file a late response and a motion for a continuance on the day of the hearing. *Id.* at 685. The trial court denied both motions and granted summary judgment in favor of Carpenter. *Id.* at 685. Cimarron filed a motion for new trial and argued the summary judgment should be set aside under the *Craddock* standard. *Id.* The trial court denied the motion. *Id.* The Second Court of Appeals applied *Craddock* and reversed. *Cimarron Hydrocarbons Corporation v. Carpenter*, 35 S.W.3d 692 (Tex.App.--Fort Worth 2000).

The Supreme Court observed that the *Craddock* standard is based on equitable principles and was adopted to alleviate unduly harsh and unjust results at a point in time when the defaulting party had no other available remedy. *Carpenter*, 98 S.W.3d at 685-86. But when the rules provide the defaulting party a remedy, *Craddock* does not apply. *Id.* at 686. Under Rule 166a(c), the non-movant may file a motion for leave to file a late summary judgment response. TEX.R.CIV.P. 166a(c). Thus, the Supreme Court held that *Craddock* does not apply to a motion for new trial filed after summary judgment is granted on a motion to which the non-movant failed to timely respond when the respondent had notice of the hearing and an opportunity to seek a continuance or file a motion for leave to file a late response as permitted by Rule 166a(c). *Carpenter*, 98 S.W.3d at 686.

The court then considered whether the trial court abused its discretion by denying Cimarron's motion for leave to file a late response to the summary judgment motion. *Id.* at 687. It held that the correct standard is the good cause standard which governs the withdrawal of

admissions. *Carpenter*, 98 S.W.3d at 687; *see* TEX.R.CIV.P. 198.3.[1] Thus, a motion for leave to file a late summary-judgment response should be granted when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Id.* at 688. The Court concluded that the trial court did not abuse its discretion by denying Cimarron's request for leave to file a late response because its motion offered no explanation for its failure to timely respond and it was not accompanied by any supporting affidavits or evidence. *Id.* Consequently, the trial court did not abuse its discretion by denying the motion for new trial. *Id.*

In *Wheeler v. Green*, the Supreme Court applied the *Carpenter* good cause test in a summary judgment case where the *pro se* non-movant did not timely respond to a request for admissions and mistakenly failed to file a written summary judgment response based on those deemed admissions. *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005). The *pro se* litigant, Wheeler, filed her responses to requests for admission two days late and the movant, Green, filed a motion for summary judgment based entirely on the deemed admissions. *Id.* at 441. Wheeler did not file a summary judgment response because she was mistaken about the nature of a summary judgment hearing, but she appeared at the hearing. *Id.* at 441-42. The trial court

---

[1] Rule 198.3 provides that:

Any admission made by a party under this rule may be used solely in the pending action and not in any other proceeding. A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission. The court may permit the party to withdraw or amend the admission if:

(a) the party shows good cause for the withdrawal or amendment; and

(b) the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission.

granted summary judgment against Wheeler and terminated her rights as joint managing conservator of her daughter and appointed the movant as the sole managing conservator. *Wheeler,* 157 S.W.3d at 441. Wheeler hired an attorney who filed a motion for new trial asserting that her responses to the request for admissions was timely, the requests should not have been deemed admitted, and the summary judgment should be set aside. *Id.* at 441-42. Wheeler also offered to pay Green's costs. *Id.* The trial court denied the motion for new trial. *Id.* The Dallas Court of Appeals affirmed because Wheeler did not file a summary judgment response and never sought to withdraw her admissions. *Wheeler v. Green*, 119 S.W.3d 887 (Tex.App.--Dallas 2003).

Even though Wheeler did not file a motion to withdraw her deemed admissions or a motion for leave to file a late summary judgment response, the Supreme Court found that the arguments raised in her motion for new trial were sufficient to put the trial court on notice of her complaints and she did not waive the arguments by raising them for the first time in her motion for new trial. *Wheeler,* 157 S.W.3d at 442. The court applied *Carpenter's* good cause test and concluded that Wheeler's failure to move to withdraw her admissions was not intentional or the result of conscious indifference because nothing in the record suggested that before summary judgment was granted, Wheeler realized that her responses were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument. *Id.* The court also concluded that Green would not suffer any undue prejudice if the admissions were withdrawn. *Id.* at 443.

The Supreme Court recognized that trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. *Id.* at 443. It emphasized that requests for admissions

are intended to be used to eliminate matters about which there is no real controversy and were never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense. *Wheeler,* 157 S.W.3d at 443, *citing Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex.1996). Absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions. *Id.* The court found that the record contained no evidence of flagrant bad faith or callous disregard for the rules, nothing to justify a presumption that Wheeler's case lacked merit, and nothing to suggest Green was unable to prepare for trial without the admissions. *Id.* at 443-44. Further, Wheeler had also offered to pay for Green's expenses due to her late response. *Id.* at 444. The court held that the trial court should have granted a new trial and allowed the deemed admissions to be withdrawn. *Id.*

The Supreme Court applied *Carpenter* in yet another case where a summary judgment was granted against a *pro se* litigant based on deemed admissions. In *Marino v. King*, the *pro se* litigant, Marino, filed her response to the request for admissions one day late and the trial court subsequently granted the plaintiff's motion for summary judgment based on the deemed admissions. *Marino v. King*, 355 S.W.3d 629, 630 (Tex. 2011). Marino did not move to withdraw the deemed admissions and she did not file a response to the summary judgment motion, but she appeared at the hearing. *Id.* at 630-31. Marino filed a motion for new trial and at the hearing asked for an opportunity to correct any procedural mistakes. *Id.* at 632. The motion for new trial was overruled by operation of law. *Id.* The Waco Court of Appeals affirmed the summary judgment, concluding that Marino had waived her complaint about the deemed admissions by failing to raise the issue in the trial court. *Marino v. King*, 356 S.W.3d 28 (Tex.App.--Waco 2010)(mem. op.).

The Supreme Court observed that the due process concern recognized in *Wheeler* is one principle which a trial court must consider when exercising its discretion to permit or deny the withdrawal of deemed admissions. *Marino*, 355 S.W.3d at 633-34. Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults. *Id.* at 634. Citing *Wheeler*, the court determined that "[u]sing deemed admissions as the basis for summary judgment therefore does not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary judgment burden." *Marino*, 355 S.W.3d at 634, *citing Wheeler*, 157 S.W.3d at 443-44. The Supreme Court reversed because it found good cause existed for the withdrawal of the deemed admissions as there was no evidence of flagrant bad faith or callous disregard for the rules and nothing to justify a presumption that Marino's defense lacks merit. *Id.*

*Application of Wheeler and Marino*

The summary judgment against Soto was based on the deemed admissions. Thus, we must address whether good cause exists to permit withdrawal of the deemed admissions under *Wheeler* and *Marino*.[2] If good cause does not exist, the trial court did not abuse its discretion by permitting the motion for new trial to be overruled by operation of law.

This case differs from *Wheeler* and *Marino* in that Soto was represented by counsel for several years while discovery was ongoing. The attorney withdrew because Soto had refused to cooperate with him and would not produce the requested discovery even when faced with a sanctions hearing. Counsel attached to the motion to withdraw his letter to Soto urging him to

---

[2] Soto did not file a motion to withdraw his deemed admissions or a response to General Foam's summary judgment motion but under *Wheeler's* standard, he sufficiently raised these issues in his motion for new trial. *See Wheeler*, 157 S.W.3d at 442. Soto did not waive the issues by raising them for the first time in his motion for new trial. *Id.*

produce the discovery documents and informing him that a sanctions hearing had been scheduled. Soto did not respond to the discovery requests and the trial court entered an order permitting counsel to withdraw on February 15, 2011. On that same date, the trial court conducted a sanctions hearing and entered a sanctions order. Unlike the circumstances in *Wheeler* and *Marino*, we are not presented with a case where a *pro se* litigant mistakenly failed to respond to requests for admissions because he simply did not understand his obligations. Soto was represented by counsel during the entire time period when he refused to respond to the discovery requests and counsel unsuccessfully attempted to persuade Soto to respond to those requests. General Foam's requests for admissions were deemed admitted as a sanction for Soto's discovery abuse. Soto has not challenged the sanctions order and he has not brought forward the reporter's record of the sanctions hearing. Thus, we must presume that the evidence admitted at the hearing supports the trial court's sanctions order. *See K.J. v. USA Water Polo, Inc*., 383 S.W.3d 593, 608 (Tex.App.--Houston [14th Dist.] 2012, pet. denied). Even without the transcription of the sanctions hearing, there is evidence in the record of Soto's flagrant bad faith and callous disregard of the rules. Consequently, due process does not bar the merits-preclusive sanction imposed by the trial court. Under these circumstances, good cause does not exist to permit Soto to withdraw his deemed admissions. We therefore conclude that the trial court did not abuse its discretion by permitting the motion for new trial to be overruled by operation of law. Issue Two is overruled.

## NO HEARING ON THE MOTION FOR NEW TRIAL

In his first issue, Soto contends that the trial court abused its discretion by refusing to allow him a hearing on the motion for new trial. Generally, a hearing on a motion for new trial is not mandatory. *Olsen v. Commission for Lawyer Discipline*, 347 S.W.3d 876, 887 (Tex.App.--

Dallas 2011, pet. denied); *Landis v. Landis*, 307 S.W.3d 393, 394 (Tex.App.--San Antonio 2009, no pet.). A trial court is only required to conduct a hearing on a motion for new trial when the motion presents a question of fact upon which evidence must be heard. *Olsen*, 347 S.W.3d at 887; *Landis*, 307 S.W.3d at 394.

Under the *Carpenter* good cause test, Soto was required to establish that (1) his failure to file a motion to withdraw the deemed admissions was not intentional or the result of conscious indifference, but was the result of accident or mistake, and (2) allowing him to withdraw the admissions would not cause any undue delay or otherwise injure General Foam. *See Carpenter*, 98 S.W.3d at 688. Soto's affidavit focused exclusively on his mistaken failure to file a summary judgment response. He offered no explanation for his failure to respond to the discovery requests, including the request for admissions, which caused his attorney to withdraw and the trial court to enter the sanctions order. Soto's motion for new trial did not present a question of fact on the critical issue of whether good cause existed to permit him to withdraw the deemed admissions. The trial court did not abuse its discretion by refusing to conduct a hearing on Soto's motion for new trial. Issue One is overruled. Having overruled both issues, we affirm the judgment of the trial court.


October 10, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., (Not Participating)

- 11 -