# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00235-CV[1]

**Freddie Lee Walker, Appellant**

**v.**

**Stuart Jenkins, Director of the Parole Division,
Texas Department of Criminal Justice, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-15-005106, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Freddie Lee Walker, an inmate in the Texas Department of Criminal Justice's Institutional Division, filed a petition for writ of mandamus against respondent Stuart Jenkins, Director of the Parole Division of the Texas Department of Criminal Justice (Parole Division), seeking to compel the Parole Division to "immediately conduct a parole review" of his case and to "provide clear and concise reasons for the approval or denial of parole," alleging various statutory and constitutional violations by the Parole Division. Jenkins filed a Rule 91a motion to dismiss

---

[1] The notice of appeal in this case was originally filed in this Court on March 14, 2016. On March 22, 2016, the Supreme Court of Texas ordered the case transferred to the Eighth Court of Appeals, pursuant to its docket-equalization authority. *See* Tex. Gov't Code § 73.001; Misc. Docket No. 16-9040. This Court transferred the case to our sister court on April 11, 2016. On April 12, 2018, the Supreme Court of Texas ordered this case—along with 38 other cases that had also been previously transferred to the Eighth Court but had not reached final disposition—transferred back to this Court. *See* Misc. Docket No. 18-9054. The Eighth Court of Appeals transferred the case back to this Court on April 16, 2018.

Walker's petition. *See* Tex. R. Civ. P. 91a (permitting party to file motion to dismiss cause of action on grounds that it has no basis in law or fact). The district court granted the motion, and Walker appeals. We affirm the order granting Jenkins's motion to dismiss.

## DISCUSSION[2]

Walker brings six issues on appeal, none of which demonstrate reversible error.[3] In his first, third, fourth, and fifth related issues, Walker complains that the district court erred in (a) granting Jenkins's motion because Jenkins had not first filed an answer to his petition[4] and (b) failing to grant him a no-answer default judgment.[5] We review a court's ruling on a Rule 91a motion de novo. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam); *Koenig v. Blaylock*, 497 S.W.3d 595, 598 (Tex. App.—Austin 2016, pet. denied); *see also* Tex. R.

---

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

[3] Although Walker has acted pro se both below and on appeal, we are bound to apply the same substantive and procedural standards to him as we do with litigants represented by counsel, lest we afford him an unfair advantage merely because he is pro se. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

[4] Jenkins did not file an answer, only a Rule 91a motion, and Walker filed a motion to take a no-answer default judgment. Walker contends on appeal that the district court erred in granting Jenkins's motion "over [his] objections of a Rule 99(c) violation."

[5] Within the same issues, Walker additionally asserts that the trial court violated various judicial canons in its conduct of the hearing on Jenkins's motion, such as "failing to maintain professional competence in the law" and "failing to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary." *See* Texas Code of Jud. Conduct, Canons 2(A) & 3(B), *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. B. However, we cannot identify any alleged harm or errors attributable to the alleged violations that are not duplicative of the errors that Walker identifies as constituting abuses of discretion or errors of law. Accordingly, we consider his judicial-canon complaints as subsumed within his other complaints.

2

Civ. P. 91a.1 ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.").

In his Rule 91a motion, Jenkins correctly asserted that Walker's petition has no basis in law because the district court's mandamus jurisdiction is limited to the enforcement of its own jurisdiction and does not extend to the exercise of supervisory control over state prison officials. *See Sims v. Smith*, No. 03-12-00242-CV, 2014 WL 2094200, at *1 (Tex. App.—Austin May 14, 2014, no pet.) (mem. op.) ("A district court has no constitutional or statutory jurisdiction to exercise supervisory control over prison officials." (quoting *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied))); *Bonfanti v. Texas Dep't of Criminal Justice Institutional Div.*, No. 03-12-00350-CV, 2013 WL 4487526, at *1 (Tex. App.—Austin Aug. 16, 2013, pet. denied) (mem. op.) (holding that district court lacked mandamus jurisdiction over inmate's petition seeking to compel prison officials to release him on parole); *see also* Tex. Const. art. V, § 8 ("District Court judges shall have the power to issue writs necessary to enforce their jurisdiction."); Tex. Gov't Code § 24.011 (authorizing district court judges to grant writs of mandamus "necessary to the enforcement of the court's jurisdiction"); *cf.* Tex. Gov't Code § 22.002(c) ("Only the supreme court has the authority to issue a writ of mandamus . . . against any of the officers of the executive departments of the government of this state . . . ."). Jenkins also correctly asserted that Texas law does not create any protected liberty interest in parole.[6] *See Vargas v. Texas Dep't of Criminal*

---

[6] Jenkins additionally asserted that the Parole Division does not have the statutory authority to conduct parole-review hearings, as that authority is vested in the Texas Board of Pardons and Paroles. Because of our disposition on the jurisdictional issue, we need not reach this third ground argued by Jenkins in his Rule 91a motion.

*Justice*, No. 03-12-00119-CV, 2012 WL 5974078, at *4 (Tex. App.—Austin Nov. 30, 2012, pet. denied) (mem. op.) (quoting Tex. Gov't Code § 508.001(6)). Accordingly, we conclude that the district court properly granted Jenkins's motion and dismissed Walker's petition.

With respect to Walker's specific complaints about his alleged entitlement to take a no-answer default judgment before the district court ruled on the Rule 91a motion, we conclude that any such complaint is ultimately moot or harmless because it nonetheless remains that dismissal was proper under Rule 91a. *See Boone v. Gutierrez*, No. 03-16-00259-CV, 2017 WL 3122798, at *2 (Tex. App.—Austin July 19, 2017, no pet.) (mem. op.).

In his second issue, Walker asserts that the district judge who conducted the hearing on the Rule 91a motion erred in "exchanging benches" with another district judge, apparently challenging the Travis County District Courts' "central docket" system. However, district courts are authorized to operate on central-docket systems, *see* Tex. Const. art. V, §11 (authorizing district judges to "exchange districts, or hold courts for each other"); Tex. R. Civ. P. 3a (allowing district courts to make local rules), and the Travis County District Courts have duly passed local rules permitting the operation of a rotating central-docket system, *see* Travis Cty. Dist. Ct. Loc. R. 1.2 (all civil cases other than those on specialized dockets are set on Central Docket), 1.3 (any district judge may conduct hearing). Moreover, Walker has not identified any harm he has suffered as a result of the central-docket system. Accordingly, we overrule his second issue.

In his sixth and final issue, Walker asserts that the district court abused its discretion in not "hearing" or granting his motion for new trial. To the extent that he complains that the district court did not provide him a hearing on his new-trial motion, he has not demonstrated that his motion

4

presented any question of fact that necessitated a hearing. *See Boone*, 2017 WL 3122798, at *2 (citing *Soto v. General Foam & Plastics Corp.*, 458 S.W.3d 78, 85 (Tex. App.—El Paso 2014, no pet.)). As for his contention that the district court erred in not granting his new-trial motion and allowing it to be overruled by operation of law—a ruling that we review for an abuse of discretion, *see Cliff v. Huggins*, 724 S.W.2d 778, 778–79 (Tex. 1987)—we determine that the district court did not abuse its discretion, as Walker's motion did not assert any issues that we have not already determined are meritless. We accordingly overrule his sixth issue.

## CONCLUSION

We affirm the district court's order granting Jenkins's Rule 91a motion to dismiss Walker's petition for writ of mandamus.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: June 21, 2018