**SHAMROCK ROOFING SUPPLY, INC., Appellant,**

v.

**MERCANTILE NATIONAL BANK AT DALLAS, Appellee.**

No. 05–85–00299–CV.

Court of Appeals of Texas, Dallas.

Dec. 31, 1985.

Rehearing Denied Feb. 6, 1986.

John Brusniak, Vial, Hamilton, Koch & Knox, Dallas, for appellant.

Steven J. Lownds, Winstead, McGuire, Sechrest & Minick, Dallas, for appellee.

Before GUITTARD, C.J., and STEPHENS and WHITHAM, JJ.

GUITTARD, Chief Justice.

Mercantile National Bank at Dallas, as assignee of a material supplier, sued Shamrock Roofing Supply, Inc. for nonpayment of amounts due under a contract.[1] Sham-

rock filed an answer but failed to appear at trial. After hearing evidence, the trial court rendered judgment against Shamrock. Shamrock filed a motion for new trial but failed to request a hearing before the motion was overruled by operation of law.

On this appeal, Shamrock contends that the trial court erred in allowing its motion for new trial to be overruled by operation of law because the motion and attached affidavit establish that it is entitled to a new trial. We find no merit in this contention. Accordingly, we affirm.

Shamrock filed its motion for new trial and an attached affidavit on December 26, 1984, nine days after the judgment was signed. The motion for new trial was overruled by operation of law on March 4, 1985. TEX.R.CIV.P. 329b(c). The following day Shamrock brought the motion to the judge's attention for the first time when it filed a "Defendants' Motion for Hearing of Motion for New Trial."

When a default judgment has been entered on failure of a defendant to appear at trial, a new trial should be granted if the failure to appear was not intentional or the result of conscious indifference, but was due to mistake or accident, provided the motion for new trial sets up a meritorious defense and is filed at a time when granting thereof will occasion no delay or otherwise work an injury to plaintiff. *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966); *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

A motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal in absence of a showing of an abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). We are unwilling to hold that an abuse of discretion occurs when the defaulting defendant fails to call his motion to the judge's attention and

1. A second defendant, M.L. Trammell, was nonsuited by Mercantile and is not involved in this appeal.

allows it to be overruled by operation of law. Trial judges have a heavy load of trials and contested motions. They cannot be expected to examine *sua sponte* all papers filed in their courts. They must rely on counsel to see that motions are set for hearing.

 We recognize that "presentment" of a motion for new trial is no longer required by the rules and that ordinarily a point in a motion for new trial may be considered on appeal when the motion has been overruled by operation of law. Nevertheless, when a motion for new trial requires the exercise of discretion, the judge must have an opportunity to exercise his discretion before that discretion can be abused. An abuse of discretion may occur if the defendant, though diligent, is unable to obtain a hearing within the time allowed by the rules or if, after hearing the motion, the judge fails to rule on the motion within that time. However, we hold that where, as here, the record fails to show any attempt to obtain a timely hearing, no abuse of discretion is shown.

Other points of error have been considered, and all are overruled for the reasons stated in a unpublished opinion of this same date, except to the extent of an erroneous recital in the judgment, which is corrected by reforming the judgment.

The judgment, as reformed, is affirmed.