Pesina v. Moczygemba 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-572-CV





FREDERICK PESINA,


 APPELLANT


vs.



 


 CARLA MOCZYGEMBA AND THE ATTORNEY GENERAL OF TEXAS,



 APPELLEES



 




FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY



NO. 93-2244, HONORABLE ROBERT E. RAESZ, JR., JUDGE PRESIDING 



 





 Frederick Pesina, appellant, appeals a from default judgment rendered in favor of
appellees, the Attorney General of Texas and Carla Moczygemba. In one point of error, Pesina
challenges the overruling of his equitable motion for new trial. We will affirm the trial court's
judgment.



FACTS


 On January 26, 1993, the Attorney General of Texas filed a petition seeking to
establish the parent-child relationship between appellant Frederick Pesina and Ashley Pesina, a
minor child. See Tex. Hum. Res. Code Ann. §§ 76.001-.011 (West 1990 & Supp. 1995). Pesina
answered the petition. A hearing on the merits, originally set for March 12, 1993, was
rescheduled by agreed order for March 31. On March 31, the court ordered the cause reset on
the merits for April 28. The order recites that Pesina was given notice to appear at the designated
time and place and bears a signature of approval purporting to be that of Pesina's attorney. On
April 28, however, neither Pesina nor his attorney appeared for trial. After hearing evidence, the
trial court rendered judgment establishing Pesina's paternity and ordering conservatorship,
visitation, and child support. The trial court signed the judgment on June 29.

 On May 17, after the hearing but before the judgment was signed, Pesina filed a
motion for new trial supported by affidavits. See Tex. R. Civ. P. 306c. Although the wording
is unclear, we infer that Pesina's motion for new trial requests the trial court to set aside the
default judgment. Pesina alleged in his motion that his counsel's secretary failed to note the April
28 hearing date on the attorney's calendar and that his counsel did not notify him of the hearing. 
By attached affidavit, the secretary asserted that on March 30 she signed the attorney's name to
the order setting the hearing for April 28, but that she failed to record the hearing on counsel's
calendar. (1) The motion for new trial was overruled by operation of law. Tex. R. Civ. P. 329b(c). 
Pesina now appeals the denial of his motion.



DISCUSSION AND HOLDING


 When a default judgment has been rendered based on the failure of a defendant to
appear at trial, equity dictates that a new trial should be granted if: (1) the failure to appear was
not intentional or the result of conscious indifference, but was due to mistake or accident; (2) the
motion for new trial sets up a meritorious defense; (2) and (3) the motion is filed at a time when
granting thereof will occasion no delay or otherwise work an injury to plaintiff. Craddock v.
Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939).

 Generally, a motion for new trial to set aside a default judgment raises a complaint
on which evidence must be heard. Tex. R. Civ. P. 324(b)(1). Pesina did not request a hearing
on his motion for new trial. The record contains no evidence that Pesina attempted to obtain a
hearing, and none was held. Moczygemba and the Attorney General argue that Pesina did not
preserve his right to complain about the overruling of his motion because the trial court was never
given the opportunity to exercise its discretion. Texas Rule of Appellate Procedure 52(a) provides
in relevant part:



In order to preserve a complaint for appellate review, a party must have presented
to the trial court a timely request, objection or motion, stating the specific grounds
for the ruling he desired the court to make if the specific grounds were not
apparent from the context. It is also necessary for the complaining party to obtain
a ruling upon the party's request, objection or motion.



Tex. R. App. P. 52(a) (emphasis added). (3)

 A trial court has discretion to grant an equitable motion for new trial, and the
court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. 
Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984); Pamela E. George, McDonald Texas Civil
Practice §§ 28:17-28:22 (1992 ed.). Several courts of appeals have held that the trial court does
not abuse its discretion when a motion for new trial following a post-answer default judgment is
overruled by operation of law if the movant has never properly requested a hearing on the motion. 
See Garcia v. Arbor Green Owners Ass'n, Inc., 838 S.W.2d 800 (Tex. App.--Houston [1st Dist.]
1992, writ denied); Fluty v. Simmons Co., 835 S.W.2d 664 (Tex. App.--Dallas 1992, no writ);
Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank, 703 S.W.2d 356 (Tex. App.--Dallas
1985, no writ). The court of appeals explained in Shamrock that "the judge must have an
opportunity to exercise his discretion before that discretion can be abused." Shamrock, 703
S.W.2d at 358; but see Cecil v. Smith, 804 S.W.2d 509, 511 (Tex. 1991) (presentment not
required to preserve appellate review of a motion for new trial complaining of factual
insufficiency; complaint preserved for review by movant's compliance with the filing requirements
of Rule 329b and the subsequent overruling of the motion for new trial by operation of law). 

 On the other hand, uncontroverted assertions in a movant's motion and affidavits
in support of a motion for new trial following rendition of default judgment can satisfy the three
Craddock elements and the movant's burden. See Old Republic Ins. Co. v. Scott, 873 S.W.2d
381, 382 (Tex. 1994); Strackbein, 671 S.W.2d at 39. A trial court abuses its discretion if it
denies a motion for new trial when the movant satisfies all three elements of the Craddock test. 
Old Republic, 873 S.W.2d at 382; Director, State Employees Workers' Compensation Div. v.
Evans, 37 Tex. Sup. Ct. J. 779, 780 (May 11, 1994). Conversely, unless all three elements are
met, the court cannot be said to have abused its discretion.

 The record in the instant cause fails to show any attempt by Pesina to obtain a
hearing on his motion for new trial. However, even assuming Pesina was not required to obtain
a hearing on his motion for new trial in order to preserve his complaint on appeal, he has failed
to satisfy the three-part Craddock test. See Craddock, 133 S.W.2d at 126. Pesina's uncontested
assertion that his failure to appear was due to a mistake, and not intentional or the result of
conscious indifference, may be taken as true. However, Pesina never asserts general allegations
or facts that would satisfy the second or third prongs of the Craddock test. Therefore, he has not
demonstrated that he is entitled to a new trial. In his motion for new trial Pesina failed to allege
that he had a meritorious defense to the action or that granting his motion would cause no delay. 
Pesina did not assert facts in either his motion or supporting affidavits that would constitute a
meritorious defense to the paternity action (4) or demonstrate that no injury would result from the
delay. Instead, Pesina's motion and single point of error contend only that the trial court abused
its discretion by overruling his motion for new trial because his failure to appear was due to
mistake or accident. We hold that the trial court did not err in overruling Pesina's motion for new
trial and overrule his point of error. 

 We affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 11, 1995

Do Not Publish
1.   The affidavit of counsel's secretary indicates that she signed counsel's name to the
order of continuance because he was in federal court at the time. Presumably, she signed
the order at counsel's direction and with his permission. No one suggests that the action
was unauthorized. The secretary is silent as to whether she notified Pesina of the new
hearing, although he apparently knew the hearing was not held on March 31. 
2.   The requirement of showing a meritorious defense as a condition to granting the motion
for new trial after default judgment is not applicable when a movant has not been served with
citation or had no actual or constructive notice of the trial setting. Peralta v. Heights Medical
Ctr., Inc., 485 U.S. 80, 85-87 (1988); Lopez v. Lopez, 757 S.W.2d 721, 722 (Tex. 1988). In
the instant cause, Pesina does not dispute that he had constructive notice of the trial setting.
3.   In a non-jury trial, an appealing party need not comply with Rule 52(a) in order to
preserve certain points of error alleged in a motion for new trial such as legal and factual
sufficiency evidence challenges. Tex. R. App. P. 52(d).

4.   Indeed, in his cross-petition, Pesina acknowledges that the child was born to him and
Moczygemba but they were never married; that the child bears his surname; that he is listed on
the birth certificate as the father; and that he seeks either to be named the child's managing
conservator or to be granted visitation privileges.