**AFFIRM; and Opinion Filed January 14, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01481-CV

### ARTHUR CARSON AND JEWELLEAN MOORE, Appellants
### V.
### EL CAPITAN APARTMENTS, Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-02017D**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Fillmore, and Justice Myers
Opinion by Justice Fillmore

Appellants Arthur Carson and Jewellean Moore filed this bill of review proceeding seeking to set aside a July 9, 2010 judgment in favor of El Capitan Apartments. The trial court granted El Capitan's motion for summary judgment and ordered that appellants take nothing on their claims. Appellants assert the trial court erred by failing to make findings of fact and conclusions of law and by failing to hold a hearing on their request that the case be reinstated. We affirm the trial court's judgment.

On June 10, 2010, El Capitan filed a complaint for eviction against appellants in the justice of the peace court seeking possession of certain premises as well as unpaid rent. The justice of the peace court rendered judgment that El Capitan recover possession of the premises

and past-due rent of $675. Carson appealed the judgment to the county court.[1] Appellants did not appear at the July 9, 2010 trial, and the trial court signed a judgment awarding El Capitan possession of the premises, $1,924 in damages, and $1,250 for attorney's fees.

On April 4, 2013, appellants filed this bill of review seeking to set aside the July 9, 2010 judgment. El Capitan filed a traditional motion for summary judgment. Appellants responded to the motion for summary judgment, but did not appear at the hearing. The trial court granted El Capitan's motion for summary judgment and ordered that appellants take nothing on their claims.

Appellants filed a request for findings of fact and conclusions of law and, after the trial court failed to make any findings or conclusions, a notice of past due findings. Appellants also filed a request for reinstatement, citing to rule of civil procedure 165a, but seeking reinstatement of the case on substantive grounds.[2] The trial court did not rule on appellants' request for reinstatement.

In their first issue, appellants argue the trial court erred by not making any findings of fact and conclusions of law, leading them to guess at the reason the trial court ruled against them. However, in the summary judgment context, the trial court cannot resolve issues of fact or make fact findings. *N. Cent. Distribs., Inc. v. Minyard Food Stores, Inc.*, No. 05-12-00418-CV, 2014 WL 223060, at *5 (Tex. App.—Dallas Jan. 21, 2014, no pet.) (mem. op.) (citing *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 810 (Tex. App.—Dallas 2006, pet. denied)).

---

[1] Moore has since asserted in this case that she did not appeal the justice of the peace court's judgment to the county court. However, the record reflects she appeared in the case after it was appealed to the county court and before the trial court rendered its judgment on July 9, 2010.

[2] Appellants specifically asserted they had not received equal protection of the law because they were proceeding pro se, were disabled, and were paupers; the trial court had "used a more stringent standard" that put appellants at a disadvantage; the trial court did not allow a discovery period; appellants lived more than three hundred miles from the trial court, were in poor health and, under the Americans with Disability Act and the Fourteenth Amendment of the United States Constitution, were entitled to appropriate accommodations to ensure meaningful access to the trial court; the trial court ignored the "affidavit of poverty" on file with the court and appellants' request for a telephonic conference regarding the summary judgment hearing; the trial court's actions or inactions that prevented appellants from being heard "resulted in a chilling effect which appears bias [sic]" and violated their right to access to court under the Due Process Clause of the United States Constitution; El Capitan's counsel failed to contact them prior to setting the hearing on the motion for summary judgment and presented an "ex parte fiat proposal order" on the motion for summary judgment; and the trial court lacked jurisdiction to render the July 9, 2010 judgment against Moore because she never perfected an appeal from the justice of the peace court to the county court.

Accordingly, "findings of fact and conclusions of law have no place in a summary judgment proceeding," *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam), and the trial court did not err by failing to make findings of fact and conclusions of law in this case. We resolve appellants' first issue against them.

In their second issue, appellants argue that, under rule of civil procedure 165a(3), the trial court was required to hold a hearing on their request for reinstatement, and its failure to do so was an abuse of discretion. However, appellants' case was not dismissed pursuant to rule of civil procedure 165a. Rather, the trial court granted summary judgment in favor of El Capitan pursuant to rule of civil procedure 166a. Further, the arguments made in appellants' request for reinstatement related to the trial court's ruling on El Capitan's motion for summary judgment. Because we must look at the substance of a plea for relief to determine the nature of the pleading, not merely at the title of the pleading, *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding), we conclude appellants' request for reinstatement was properly treated as a motion for new trial pursuant to rule of civil procedure 329b, not a motion to reinstate pursuant to rule of civil procedure 165a.

We next turn to whether the trial court erred by failing to hold a hearing on appellants' motion for new trial. A trial court possesses broad discretion in ruling on a motion for new trial, *Ward v. Hawkins*, 418 S.W.3d 815, 824 (Tex. App.—Dallas 2013, no pet.), and we review the trial court's denial of a motion for new trial for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). When, as in this case, a motion for new trial is overruled by operation of law,[3] the question is whether the trial court abused its discretion by allowing the motion to be overruled. *Soto v. Gen. Foam & Plastics Corp.*, No. 08-12-00194-CV,

---

[3] If, within seventy-five days after the judgment was signed, the trial court does not sign a written order ruling on a motion for new trial, the motion is overruled by operation of law. TEX. R. CIV. P. 329b(c). In this case, the trial court did not sign an order ruling on appellants' motion.

2014 WL 5151525, at \*2 (Tex. App.—El Paso Oct. 10, 2014, no pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Generally, a hearing on a motion for new trial is not mandatory. *Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 887 (Tex. App.—Dallas 2011, pet. denied). A trial court is required to conduct a hearing on a motion for new trial only when the motion presents a question of fact upon which evidence must be heard. *Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979) (per curiam); *Olsen*, 347 S.W.3d at 887. Appellants' motion for new trial was premised on arguments they had previously made in response to El Capitan's motion for summary judgment and on the violation of various laws and rules of civil procedure that allegedly occurred during the trial court's consideration of El Capitan's motion for summary judgment. Appellants asserted no facts in the motion that would have required the trial court to hold an evidentiary hearing.

Further, nothing in the record of this case indicates appellants attempted to obtain a hearing on their motion. Appellants were required to bring their motion to the trial court's attention through a request for a hearing. *Monk v. Westgate Homeowners' Ass'n, Inc.*, No. 14-07-00886-CV, 2009 WL 2998985, at \*3 (Tex. App.—Houston [14th Dist.] Aug. 11, 2009, no pet.) (mem. op.). There is no abuse of discretion when the movant fails to call his motion to the attention of the trial court through a request of a hearing, and instead allows the motion to be overruled by operation of law. *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank at Dallas*, 703 S.W.2d 356, 357–58 (Tex. App.—Dallas 1985, no writ); *see also James v. Comm'n for Lawyer Discipline*, 310 S.W.3d 586, 594–95 (Tex. App.—Dallas 2010, no pet.). In this case, appellants' motion did not request a hearing, and the record does not show they attempted to have the motion set for a hearing.

We conclude the trial court did not abuse its discretion by failing to hold a hearing on appellants' motion for new trial.  We resolve appellants' second issue against them.

We affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


131481F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARTHUR CARSON AND JEWELLEAN MOORE, Appellants

No. 05-13-01481-CV     V.

EL CAPITAN APARTMENTS, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas, Trial Court Cause No. CC-13-02017D. Opinion delivered by Justice Fillmore, Chief Justice Wright and Justice Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of January, 2015.