**Affirmed and Opinion Filed June 17, 2019.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-18-00765-CV

**JD SHELTON ENTERPRISES LLC, Appellant**
**V.**
**AGL CONSTRUCTORS, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-00188**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

This is an appeal from the denial of a motion for continuance of a summary judgment hearing and a motion for new trial. Appellant argues the trial court abused its discretion because appellant did not receive twenty-one days' notice of the summary judgment hearing. We conclude appellant failed to preserve its complaint regarding the motion for continuance because the record does not show the motion was brought to the attention of the trial court. Appellant's complaint regarding the motion for new trial is not preserved for appeal because the motion required the taking of evidence, but was denied by operation of law. TEX. R. APP. P. 33.1(b). We affirm the trial court's judgment.

### BACKGROUND

JD Shelton Enterprises, LLC (JD Enterprises) sued AGL Constructors for breach of

contract, promissory estoppel, and fraud arising out of a contract allowing AGL to access and use a portion of JD Enterprises's property while AGL was performing construction on Highway I-35. AGL filed a traditional and no-evidence motion for summary judgment on April 6, 2018, serving the document electronically. TEX. R. CIV. P. 21a(a)(1). On April 11, 2018, AGL filed and served a notice that the hearing on the motion for summary judgment was set for May 17, 2018. Both the motion for summary judgment and the notice of hearing contained certificates of service indicating JD Enterprises's attorney was served in accordance with Rule 21a.

The day before the hearing, the trial court faxed a notice to the parties that the hearing would be rescheduled. Later that day the court sent another notice stating the hearing would be by submission on the May 17, 2018, and to disregard the earlier notice. JD Enterprises then filed an unverified motion to extend time for response to the motion for summary judgment. JD Enterprises's attorney asserted he did not receive the motion for summary judgment or notice of the hearing and first learned of the hearing when he received the notices from the court earlier that day. He requested the court to postpone submission of the motion for summary judgment until JD Enterprises had twenty-one days' notice of the hearing.

AGL filed a verified response to the motion to extend time the same day. AGL argued that the motion for summary judgment and notice of hearing were served electronically under Rule 21a. AGL's attorney asserted he informed JD Enterprises's attorney in 2017 that the attorney was not on the electronic service list. However, after October 19, 2017, AGL's attorney no longer received a warning message that documents could not be delivered. The response also stated that JD Enterprises electronically filed and served documents after October 19, 2017. AGL's attorney assumed the problem with electronic service was resolved.

The trial court signed an order granting the motion for summary judgment on May 18, 2018. There is no signed order on appellant's motion to extend time. AGL nonsuited its

counterclaim and the trial court rendered final judgment on May 22, 2018. On June 14, 2018, JD Enterprises again filed the motion to extend time for response to the motion for summary judgment. Attached to this document was a motion for reconsideration and motion for new trial signed and verified by JD Enterprises's trial attorney. The motion for new trial asserted that JD Enterprises did not receive twenty-one days' notice of the summary judgment hearing. The motion was not set for hearing and was overruled by operation of law. TEX. R. CIV. P. 329b(c).

## DISCUSSION

JD Enterprises complains about the denial of the motion to extend time filed before the hearing and the denial of its motion for new trial. However, the record does not show that either of these complaints were preserved for review. *See* TEX. R. APP. P. 33.1(a), (b).

As a prerequisite to complaining on appeal about the denial of a motion for continuance, the record must show that the motion was brought to the trial court's attention and the trial court denied the motion or the trial court refused to rule and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a); *Gonerway v. Corr. Corp. of Am.*, 442 S.W.3d 443, 446 (Tex. App.—Dallas 2013, no pet.) (appellant failed to inform the trial court of her motion for continuance or obtain a ruling on it; therefore, she failed to preserve her issue); *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 449 (Tex. App.—Dallas 2011, no pet.) (same); *Bryant v. Jeter*, 341 S.W.3d 447, 451 (Tex. App.—Dallas 2011, no pet.) (same); *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224 (Tex. App.—Dallas 2008, pet. struck) (trial court's failure to grant continuance was not properly before appellate court when record failed to show trial court ruled on the motion). The mere filing of a motion does not show that it was presented to the trial court. *Admal v. Ventures Tr. 2013 I-H-R*, No. 05-16-00912-CV, 2018 WL 1755486, at *2 (Tex. App.—Dallas Apr. 12, 2018, no pet.) (mem. op.). "A court is not required to consider a motion that is not called to its attention." *In Interest of T.J.S.*, 05-15-00138-CV, 2016 WL

4131959, at *5 (Tex. App.—Dallas Aug. 2, 2016, no pet.) (quoting *Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied)).

Although JD Enterprises filed the motion to extend time before the trial court heard the motion for summary judgment, there is no indication in the record that JD Enterprises set the motion for hearing or otherwise brought it to the trial court's attention. Nor does the record show the trial court ruled on the motion to extend time. Thus, JD Enterprises's complaint regarding the motion to extend time is not preserved for review. TEX. R. APP. P. 33.1(a).

Regarding JD Enterprises's motion for new trial, there was no hearing on the motion and it was overruled by operation of law. TEX. R. CIV. P. 329b(c). The overruling of a motion for trial by operation of law preserves error for appeal "*unless taking evidence was necessary to properly present the complaint in the trial court.*" TEX. R. APP. P. 33.1(b) (emphasis added). JD Enterprises's claim that it did not timely receive notice of the summary judgment motion and hearing required evidence, but no evidence was taken in this case. Under Rule 33.1(b), "if a movant seeks a new trial on a ground on which evidence must be heard by the trial court, the movant must obtain a hearing on its new-trial motion to preserve error." *Tyhan, Inc. v. Cintas Corp. No. 2*, No. 01-18-00027-CV, 2018 WL 5539419, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 30, 2018, no pet.) (mem. op.); *see also Felt v. Comerica Bank*, 401 S.W.3d 802, 807–08 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Fluty v. Simmons Co.*, 835 S.W.2d 664, 667–68 (Tex. App.—Dallas 1992, no writ) (no abuse of discretion shown where motion for new trial following default judgment was overruled by operation of law); *Shamrock Roofing Supply, Inc. v. Mercantile Nat. Bank at Dallas*, 703 S.W.2d 356, 358 (Tex. App.—Dallas 1985, no writ). Because the motion for new trial required the taking of evidence and was overruled by operation of law, we conclude JD Enterprises failed to preserve error, if any, regarding the overruling of its motion for new trial. TEX. R. APP. P. 33.1(b).

**CONCLUSION**

JD Enterprises's complaints on appeal are not preserved for review. We overrule JD Enterprises's issue and affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

180765F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JD SHELTON ENTERPRISES LLC,
Appellant

No. 05-18-00765-CV     V.

AGL CONSTRUCTORS, Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-00188.
Opinion delivered by Justice Nowell.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AGL CONSTRUCTORS recover its costs of this appeal from appellant JD SHELTON ENTERPRISES LLC.

Judgment entered this 17th day of June, 2019.