**Opinion filed September 2, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00222-CV

_____

## IN THE INTEREST OF A.J.M. AND A.C.M., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 44,420-C**

## M E M O R A N D U M   O P I N I O N

In the course of ongoing litigation regarding the possession of her children, Appellant, Pamela Escobedo Moa, and her trial counsel failed to appear at the final hearing concerning a petition to modify the parent–child relationship that had been filed by Appellees David and Debbie Moa. After hearing evidence, the trial court issued a default order in which it ruled against Appellant. Appellant filed a timely motion for new trial, which was overruled by operation of law.[1] In a single issue,

---

[1]*See* TEX. R. CIV. P. 329b(c).

Appellant contends that the trial court erred when it denied her motion for new trial. Specifically, Appellant asserts that she is entitled to have the trial court's default order set aside and a new trial ordered because neither she nor her trial counsel received notice of the final hearing setting. We reverse and remand.

## I. *Factual Background*

Appellant and David Adrian Moa[2] are the parents of A.J.M. and A.C.M (the children). Appellant and David divorced in 2013. The divorce decree recited that Appellant and David were joint managing conservators and David was named the conservator who had the right to establish the primary residence of the children. In 2016, David was arrested for possession of methamphetamine and Child Protective Services thereafter placed the children with Appellant. Although David was later convicted of the drug offense, the children continued to live with Appellant after David was released from incarceration.

On March 7, 2017, Appellant filed a petition to modify the parent-child relationship and requested that she be designated as the person with the right to designate the primary residence of the children. David filed an answer. On April 12, 2018, David's parents (Appellees David and Debbie Moa—the grandparents) intervened in the modification proceeding when they filed their petition to modify the parent–child relationship. In their pleading, the grandparents requested that the trial court designate them as the persons with the right to establish the primary residence of the children. A final hearing to address the merits of the grandparents' petition to modify was set for June 24, 2020. Neither Appellant nor her trial counsel appeared at the final hearing. After hearing evidence, the trial court found that Appellant was in default and entered an order in favor of David and the grandparents.

---

[2]David did not file a brief in this appeal.

Appellant filed a timely motion for new trial to set aside the default order; the motion for new trial was overruled by operation of law. This appeal followed.

## II. *Standard of Review*

We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (citing *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994)); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). In determining whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the trial court's act was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

It is axiomatic that a default judgment should be set aside, and a new trial granted, if (1) the defendant's failure to answer was not intentional or the result of conscious indifference but, rather, was due to an accident or mistake; (2) the defendant sets up a meritorious defense to the plaintiff's asserted claims; and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). When a defaulting party who moves for a new trial meets all three elements of the *Craddock* test, a trial court will abuse its discretion if it fails to grant a new trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (citing *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994)). When, as in this case, a trial court grants a post-answer default judgment due to the movant's failure to appear for trial or a final hearing, the same *Craddock* test applies. *See LeBlanc v. LeBlanc*, 778 S.W.2d 865, 865 (Tex. 1989).

## III. *Analysis*

When the first prong of the *Craddock* test is established by proof that the defaulted party was not given notice of a trial or final hearing setting, it is a violation of due process if the trial court further requires that the second and third prongs must be established before it grants a new trial. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005); *see Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex. 1988) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988)). Here, although Appellant asserts that she has met the three prongs of the *Craddock* test, because she claims that neither she nor her trial counsel received any notice of the June 24, 2020 final hearing setting, her satisfaction of the first *Craddock* prong, without more, would require that we vacate the trial court's final order and remand this cause to the trial court for a new trial. Therefore, in light of Appellant's assertion of lack of notice, the initial question that we must determine is whether Appellant has satisfied the first *Craddock* prong.

The grandparents contend (1) that Appellant failed to meet the first prong of the *Craddock* test, (2) that Appellant was required to obtain a hearing on her motion for new trial, and (3) because Appellant did not obtain such a hearing and her motion was overruled by operation of law, that the trial court did not abuse its discretion when it declined to set aside its final order and grant a new trial. We disagree.

We begin with the grandparents' contentions that Appellant was required to obtain a hearing on her motion for new trial and that, because she failed to do so, the trial court did not have the opportunity to exercise its discretion and, therefore, could not have abused its discretion when the motion was overruled by operation of law. Contrary to the grandparents' argument, a hearing on a motion for new trial generally is not mandatory, although it may be more strategically advantageous—both at the trial and appellate levels—depending on the circumstances. *See Soto v. Gen.*

4

*Foam & Plastics Corp.*, 458 S.W.3d 78, 85 (Tex. App.—El Paso 2014, no pet.) ("A trial court is only required to conduct a hearing on a motion for new trial when the motion presents a question of fact upon which evidence must be heard." (citing *Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 887 (Tex. App.—Dallas 2011, pet. denied); *Landis v. Landis*, 307 S.W.3d 393, 394 (Tex. App.—San Antonio 2009, no pet.))). In support of their argument, the grandparents rely on the holdings in *Felt* and *Shamrock Roofing Supply*, in which the Dallas and Houston (Fourteenth) Courts of Appeals held that when ruling on a motion for new trial requires the exercise of discretion, the trial court must have an opportunity to exercise its discretion before that discretion can be abused. *See Felt v. Comerica Bank*, 401 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank at Dallas*, 703 S.W.2d 356, 357–58 (Tex. App.—Dallas 1985, no writ). These cases further hold that, where the record is silent as to any attempt by the complaining party to obtain a timely hearing on their motion, no abuse of discretion is shown. *Felt*, 401 S.W.3d at 808; *Shamrock Roofing Supply*, 703 S.W.2d at 358. Nevertheless, as we explain below, the holdings in *Felt* and *Shamrock Roofing Supply* are distinguishable and only applicable under limited circumstances.

When, as here, a party files a motion for new trial that requests the trial judge to set aside a default judgment or order, the movant has simultaneously accomplished two purposes: (1) the movant has presented its contentions, which must be based on the record, to the trial court that a new trial is necessary under the *Craddock* test and (2) the movant has preserved the issue of the trial court's grant of a default judgment or order for appellate review. TEX. R. CIV. P. 324(b)(1); *see Strackbein*, 671 S.W.2d at 38–39. As such, when it evaluates the merits of the motion, based on the *Craddock* criteria, the trial court looks only to the record that

5

is before it at the time—which includes the motion for new trial, any responses to the motion, and any affidavits or other evidence that may accompany the motion and responses. *Strackbein*, 671 S.W.2d at 38–39. The affidavits presented by the parties need not be offered into evidence; it is sufficient that they are attached to the motion and responses and are part of the record. *Evans*, 889 S.W.2d at 268; *see Strackbein*, 671 S.W.2d 38–39.

The movant satisfies the first *Craddock* prong if the factual assertions in her verified motion and the attached affidavits, when taken as true, would negate any intentional or consciously indifferent conduct by the movant. *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012); *Dolgencorp*, 288 S.W.3d at 925; *In re R.R.*, 209 S.W.3d at 115; *Strackbein*, 671 S.W.2d at 39; *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966); *Craddock*, 133 S.W.2d at 126. Thus, the critical question in determining the need (or lack thereof) for a hearing on the movant's motion is whether her factual assertions raise a fact question.

Moreover, it is well established that, if the record shows that the movant's factual assertions are uncontroverted, the trial court must accept the uncontroverted assertions as true, even though the nonmovant may request an evidentiary hearing to refute the movant's assertions. *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 576 (Tex. 2006) (citing *Evans*, 889 S.W.2d at 269); *Strackbein,* 671 S.W.2d at 38; *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 545–47 (Tex. App.—Austin 2004, no pet.) (holding that the trial court was required to accept the appellant's affidavit as true when the affidavit was uncontroverted and the appellee did not request an evidentiary hearing); *Smith v. Holmes*, 53 S.W.3d 815, 818 (Tex. App.—Austin 2001, pet. denied) (holding that the trial court was bound to accept as true the appellant's denial that he received notice of the trial setting unless the appellee requested an evidentiary hearing on the

matter) (citing *Averitt v. Bruton Paint & Floor Co.*, 773 S.W.2d 574, 576 (Tex. App.—Dallas 1989, no writ)); *Dallas Heating Co. v. Pardee*, 561 S.W.2d 16, 19–20 (Tex. App.—Dallas 1977, writ ref'd n.r.e.) (holding that the defendant's affidavit sufficiently proved that the default was the result of an inadvertent mistake, rather than conscious indifference, and the trial court's findings of fact to the contrary were disregarded because the findings of fact were unauthorized when the appellant's factual assertions were uncontroverted); *see also Evans*, 889 S.W.2d at 269 ("If the factual assertions in the defendant's affidavit are not controverted by the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant."); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993).

However, if any evidence in the record controverts the movant's factual assertions, the trial court need not take the movant's assertions as true, regardless of whether an evidentiary hearing is requested or held. *See Bitter v. Comm'n for Lawyer Discipline*, No. 02-12-00197-CV, 2014 WL 1999315, at *3 & n.13 (Tex. App.—Fort Worth May 15, 2014, no pet.) (mem. op.); *Katin Corp. v. Loesch*, No. 03-05-00412-CV, 2007 WL 2274835, at *6 (Tex. App.—Austin Aug. 10, 2007, pet. denied) (mem. op.) ("[C]ontroverted assertions related to a defendant's excuse for its default need not be taken as true, even if the plaintiff does not request an evidentiary hearing."); *see also Walker v. Gutierrez*, 111 S.W.3d 56, 64 (Tex. 2003) ("*If* the factual assertions in the claimant's testimony are not controverted by the opposing party, the claimant satisfies his or her burden if the testimony sets forth facts that, if true, negate intentional or consciously indifferent conduct by the claimant.") (emphasis added).

Consequently, the grandparents' contention—based on the holdings relied on by them in *Felt* and *Shamrock Roofing Supply*—is applicable if, and only if, (1) the

trial court is not obliged to accept the movant's factual assertions as true (because the record shows that the assertions have been controverted) and (2) no evidentiary hearing on the motion is held. Under those limited circumstances, the trial court cannot be held to have abused its discretion when the motion is overruled by operation of law. *See Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.— Houston [14th Dist.] 1998, no pet.) (citing *Fluty v. Simmons Co.*, 835 S.W.2d 664, 667–68 (Tex. App.—Dallas 1992, no writ)); *see also Felt*, 401 S.W.3d at 808; *Shamrock Roofing Supply*, 703 S.W.2d at 357–58. Here, it is undisputed that no hearing was requested by either party or held on Appellant's motion for new trial. Therefore, before we determine whether the trial court was obliged to accept Appellant's factual assertions as true, we must discern whether Appellant's factual assertions, if true, would satisfy the first *Craddock* prong. *See Evans*, 889 S.W.2d at 269.

Attached to Appellant's motion for new trial were two affidavits, hers and her mother's, with whom Appellant resides. Appellant stated in her affidavit that neither she nor her trial counsel had received any notice or had any knowledge of the June 24, 2020 final hearing setting. Appellant further stated that she first became aware that the final hearing had occurred after she saw a Facebook posting made by David about the results of the hearing. She stated that, if she had known that a final hearing was scheduled, she and her trial counsel would have appeared and presented evidence that it would be in the best interest of the children that they remain with her. The affidavit submitted by Appellant's mother primarily concerned Appellant's ability to set up a meritorious defense.

In addition to other assertions and arguments, Appellant's motion for new trial—which was verified by both Appellant and her trial counsel—contained three distinct paragraphs that explained that neither Appellant nor her trial counsel were

aware of the June 24, 2020 final hearing setting because neither had received actual or constructive notice of the setting. Appellant's trial counsel averred in the verified motion that he "looked through his records and did not receive notice of the hearing." He further asserted in the motion that he and Appellant had appeared at every other hearing and setting that had been scheduled in the case and that, "[h]ad we known of [this] hearing; we would have gone."

The historical trend in default judgment cases has been toward the liberal granting of new trials and in favor of allowing the litigants to resolve disputes on the merits. *See, e.g.*, *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 650 (Tex. App.—San Antonio 2002, pet. denied). To set aside a default judgment or order, even a slight excuse will suffice. *See In re R.R.*, 209 S.W.3d at 115 (citing *Craddock*, 133 S.W.2d at 125); *Drewery*, 186 S.W.3d at 576. Therefore, Appellant's offered reason or excuse for failing to appear at the June 24, 2020 final hearing, if accepted as true, is sufficient to carry her burden as to the first prong of *Craddock*.

We turn now to the question of whether Appellant's factual assertions were controverted. David filed a response to Appellant's motion for new trial; however, no affidavits or other evidence was attached to his response.[3] David's response contains a "Factual Summary" in which he alleged that the trial court sent a letter dated March 3, 2020, to all parties via electronic means, including Appellant through her attorney of record, notifying them of the June 24, 2020 final hearing setting. However, the March 3, 2020 letter referenced by and relied on by David is neither attached to his response nor included in the appellate record. Therefore, it is not before us and will not be considered. *See In re H.A.P.*, No. 11-05-00180-CV, 2006

---

[3]If the grandparents filed a response to Appellant's motion for new trial, their response is not included in the clerk's record; therefore, it is not before us.

WL 648312, at *1 (Tex. App.—Eastland Mar. 16, 2006, no pet.) (mem. op.) (citing *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.)).

David's response further alleged that a separate setting notice for the trial court to confer with the children at a designated time (for the same day as the final hearing) was also electronically sent to all parties, including to Appellant through her attorney of record. According to David's response, the e-filing system indicated that the notification of the service for this notice was acknowledged when an e-mail account associated with Appellant's trial counsel was accessed. Again, however, there is no evidence in support of this allegation that is either attached to David's response or included in the appellate record.[4] *See id.*

The grandparents contend on appeal that Appellant and her attorney of record previously failed to attend a court setting, namely, a court-ordered mediation, without explanation. As a result of Appellant's failure to attend the court-ordered mediation, on February 10, 2020 the grandparents filed a motion for sanctions with the trial court. The grandparents' trial counsel thereafter submitted a letter to the trial court dated March 3, 2020, requesting that mediation be waived and that, instead, a hearing be set on their motion for sanctions. However, and irrespective of its filing, the grandparents' motion for sanctions does not controvert the factual assertions advanced by Appellant. *See id.*[5] Additionally, the March 3, 2020 letter referenced above only constitutes a *request* for a setting, rather than a notice of a

---

[4]We note that the record contains a single-page document entitled "Notice of Time for Judge to Confer with Child," which was to be set for June 24, 2020. However, there is no information accompanying that document to indicate whether, and to whom, this notice may have been sent. Nor does this document mention or give any notice of the final hearing setting which occurred on the same date.

[5]We also note that the record contains a "Case Summary" document, which enumerates the filing history and docket entries made in this case dating back to the inception of the original divorce proceeding. This document identifies two entries dated March 3, 2020, each of which is entitled "Letter."

hearing that has already been set by the trial court. Therefore, it does not, standing alone, controvert Appellant's factual assertions.

Proof of service under the Texas Rules of Civil Procedure requires certification "in writing over signature and on the filed instrument." TEX. R. CIV. P. 21a(e). "A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." *Id.* Such prima facie evidence raises a presumption that notice was received. *Id.*; *Mathis*, 166 S.W.3d at 745 (citing *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987)). This presumption can be overcome if any party offers proof that notice was not received. TEX. R. CIV. P. 21a(e); *Mathis*, 166 S.W.3d at 745. However, the presumption of service is inapplicable and cannot be raised in this case because there is no prima facie evidence, or any evidence, of the service "of a notice" to either Appellant or her trial counsel in the record before us. *See Mathis*, 166 S.W.3d at 744–45 (reversing the denial of a motion for new trial in part because the record contained no evidence of service beyond the oral assurances of counsel).

Because nothing in the record before us controverts Appellant's factual assertions (1) that neither she nor her trial counsel received actual or constructive notice of the June 24, 2020 final hearing setting and (2) that they would have attended the final hearing had notice been received by them, the trial court was required to accept these assertions as true. *See Drewery*, 186 S.W.3d at 576 (citing *Evans*, 889 S.W.2d at 269). Therefore, Appellant has satisfied her burden as to the first *Craddock* prong. Because Appellant's uncontroverted reason for failing to appear at the final hearing was due to lack of notice, due process requires that we set aside the trial court's default order and remand this cause to the trial court for a new trial. In light of our holding, we need not consider the application of the remaining

*Craddock* factors. *Mathis*, 166 S.W.3d at 744; *see Lopez*, 757 S.W.2d at 722 (citing *Peralta*, 485 U.S. 80). Accordingly, we sustain Appellant's sole issue on appeal.

IV. *This Court's Ruling*

We reverse the final order of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.


W. STACY TROTTER

JUSTICE


September 2, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.