

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00077-CV

IN THE INTEREST OF D.N.A., A CHILD

On Appeal from the County Court at Law
Moore County, Texas
Trial Court No. CL152-19, Honorable Jerod Pingelton, Presiding

August 18, 2022

## ORDER ON MOTION FOR REHEARING

Before QUINN, C.J., and PARKER and DOSS, JJ.

Pending before the Court is the motion for rehearing filed by MS. One ground urged warrants attention by the Court. It concerns the presentation of the motion for new trial. MS suggests it was not necessary because the evidence within her verified motion purportedly was undisputed. We disagree.

As best said in *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank*, 703 S.W.2d 356 (Tex. App.—Dallas 1985, no writ), "[t]rial judges have a heavy load of trials and contested motions." *Id.* at 357. "They cannot be expected to examine *sua sponte* all papers filed in their courts." *Id.* "They must rely on counsel to see that motions are set for hearing." *Id.* And, while the rules of procedure may have dispensed with the need to

present the motion to preserve the complaint for appeal, that is not true in all cases. When a new trial motion implicates the trial court's exercise of discretion, "the judge must have an opportunity to" do so "before that discretion can be abused." *Id.* at 358. Denying him the chance by failing to call the motion to the court's attention and thereby permitting it to be overruled by operation of law insulates the result from a claim of abused discretion. *Id.*

As we explained in our original opinion, the tenor of the statements contained within the verified motion for new trial, the evidence of emails being exchanged about hearing dates, and representations to the trial court by counsel who attended the hearing fell short of painting only one clear, uncontroverted picture regarding everyone's knowledge (or lack thereof) of the hearing date. Together, they created a situation requiring the trial court to delve into the matter, determine what actually happened, and decide whom to believe. That obligated MS to afford the trial court an opportunity to exercise its discretion by calling her motion to the trial court's attention, i.e., present her motion to the court. *See In re A.J.M.*, No. 11-20-00222-CV, 2021 Tex. App. LEXIS 7347, at *5–9 (Tex. App.—Eastland Sept. 2, 2021, no pet.) (mem. op.) (discussing presentment and concluding that it is needed when circumstances require the trial court's exercise of discretion, such as when the record reveals the movant's allegations are not uncontroverted).

We deny the motion for rehearing.

Per Curiam