*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00858-CV

Jeffrey Lee **LANDIS**,
Appellant

v.

Kimberly Dawn **LANDIS**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-09599
Honorable Larry Noll, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:    December 2, 2009

AFFIRMED

This is an appeal of a divorce case. In six issues, Jeffrey Lee Landis contends that the trial court erred in failing to conduct a hearing on his motion for new trial, in signing a divorce decree that contradicted the court's judgment as reflected in the court's notes, and in dividing the parties' property. We find no error and affirm the trial court's judgment.

## BACKGROUND

Jeffrey Lee Landis and Kimberly Dawn Landis were married on March 17, 2008. Jeffrey filed a petition for divorce on June 18, 2008. Kimberly filed an answer and a counterpetition for divorce. On November 3, 2008, the trial court conducted a final hearing and granted the divorce. The final divorce decree was signed on November 4, 2008. Jeffrey filed a notice of appeal and a motion for new trial on November 18, 2008. On December 15, 2008, the trial court conducted a hearing and entered a judgment nunc pro tunc in order to correct clerical errors in the decree concerning distribution of proceeds upon the sale of the parties' residence and the filing of federal income taxes.

## MOTION FOR NEW TRIAL

In his second issue on appeal, Jeffrey argues the trial court erred in failing to conduct a hearing on his timely filed motion for new trial. According to Jeffrey, the trial court set a hearing on the motion for new trial but, on the scheduled date, chose to hear the motion for judgment nunc pro tunc instead. Thus, according to Jeffrey, his motion for new trial was never heard by the trial court and was, therefore, overruled by operation of law.

Generally, a hearing on a motion for new trial is not mandatory. *In the Interest of T.B.H.-H.*, 188 S.W.3d 312, 315 (Tex. App.—Waco 2006, no pet.). A trial court is only required to conduct a hearing on a motion for new trial when a motion presents a question of fact upon which evidence must be heard. *See, e.g., Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979) (holding trial court was required to conduct hearing on motion for new trial challenging agreed judgment); *Navistar Int'l Corp. v. Valles*, 740 S.W.2d 4, 6-7 (Tex. App.—El Paso 1987, no writ) (holding trial court was required to conduct hearing on motion for new trial challenging attorney ad litem fees). Jeffrey's

complaint in his motion, that the trial court abused its discretion in making the property division, raises no new fact issues upon which a hearing would be mandated. Thus, the trial court did not err in failing to conduct a hearing on Jeffrey's motion for new trial. Jeffrey's second issue is overruled.

## JUDGMENT NUNC PRO TUNC

In his fifth issue on appeal, Jeffrey complains that the trial court erred in signing a divorce decree that contradicted the court's judgment as reflected in the court's notes. The trial court did, however, grant Jeffrey's motion for judgment nunc pro tunc correcting the final decree to reflect the proper division of proceeds from the sale of the parties' house and requiring each party to file federal income taxes separately. Thus, Jeffrey's complaints were addressed and the judgment was corrected by the trial court. Jeffrey's fifth issue is overruled.

## PROPERTY DIVISION

In his remaining issues on appeal, Jeffrey argues that the trial court erred in: (1) failing to admit certain documents in order to properly divide the parties' separate property; (2) awarding Jeffrey's separate property to Kimberly; (3) failing to clarify the decree to reflect the parties' agreement regarding property division; and (4) failing to divide Kimberly's retirement account as community property. Each of these complaints relates to the trial court's division of property. Notably, Jeffrey has not provided this court with a reporter's record of the divorce hearing.

In a divorce case, the standard of review for property division is abuse of discretion. *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Under this standard, the appropriate inquiry is whether the ruling was arbitrary or unreasonable. *Lucy v. Lucy*, 162 S.W.3d 770, 775 (Tex. App.—El Paso 2005, no pet.). Without a reporter's record, however, we

are unable to review the trial court's order for an abuse of discretion. *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). When we are provided no reporter's record, we must presume the evidence presented at the hearing was sufficient to support the trial court's order. *In the Interest of S.C.*, No. 05-05-01116-CV, 2006 WL 3042129, at *1 (Tex. App.—Dallas Oct. 27, 2006, no pet.) (mem. op.); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Thus, because Jeffrey's remaining issues all pertain to whether the trial court abused its discretion in dividing the parties' property and because he has failed to provide a reporter's record, we overrule Jeffrey's remaining issues.

## CONCLUSION

Accordingly, we overrule all of Jeffrey's issues on appeal and affirm the trial court's judgment.

Karen Angelini, Justice