Opinion issued November 10, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00768-CV

———————————

Ervin M. Emanuel, Appellant

V.

Citibank
(South Dakota), N.A., Appellee



 



 

On Appeal from the County Court at Law No. 3 

Fort Bend County, Texas



Trial Court Case No. 05-CCV-026051

          



 

MEMORANDUM OPINION

          Appellant,
Ervin M. Emanuel, challenges the trial court’s rendition of summary judgment in
favor of appellee, Citibank (South Dakota), N.A. (“Citibank”), in Citibank’s
suit against Emanuel for breach of contract and on a sworn account.  In two issues, Emanuel contends that the
trial court erred in not holding an evidentiary hearing on his motion for new
trial and denying his motion for continuance. 

          We
affirm.

Background

          In
its original petition, Citibank alleged that Emanuel defaulted on the terms of a
credit card agreement by failing to make the required payments.  Emanuel answered, generally denying
Citibank’s allegations.  Emanuel later
filed a notice of intention to take the oral deposition of the chief financial
officer of Citibank.  Emanuel also filed
a motion to show want of authority[1] for Citibank’s attorney to
represent Citibank. 

          Four
and one-half years after the case’s commencement, Citibank filed a summary-judgment
motion in which it argued that it was entitled to judgment as a matter of law
against Emanuel because there were no genuine issues of material fact on its
claims.  Citibank asserted that it had
demonstrated that it had “provided [Emanuel] with extensions of credit”; it had
“transmitted monthly statements [to Emanuel] describing the extensions of
credit requested” by him; there remained outstanding amounts due on the account
and owing after applying any credits due; “[Emanuel] defaulted by failing to
pay the installment amounts shown as owing on the monthly statements when they
were due”; and “as a result of [Emanuel’s] default the entire balance” became
due and owing, and Citibank was “entitled to recover the sums due and owing as
a matter of law.”  

          Emanuel
responded, arguing that summary judgment should not be granted because Citibank
did not respond to his discovery requests. 
Emanuel also filed a motion for continuance, asserting that Citibank had
not responded to his first set of interrogatories, requests for admission,
requests for production, and requests for oral deposition.  Emanuel then filed a motion to compel
Citibank to respond to his notice to take oral deposition.  After a summary-judgment hearing, the trial
court entered judgment in favor of Citibank and awarded it $6,094.79.  

          Emanuel
then filed his motion for new trial, in which he asserted that the granting of
Citibank’s summary-judgment motion was “premature and filed before the
completion of discovery and a ruling on whether or not . . . to hear . . . jurisdictional
issues” raised in his motion to show want of authority, “which
were pending at the time the [trial court] rule[d] on [Citibank’s]
motion.”  The trial court denied
Emanuel’s motion for new trial without conducting a hearing.  

Hearing on Motion for New Trial

          In
his first issue, Emanuel argues that the trial court erred in not holding an
evidentiary hearing on his motion for new trial and allowing him to present
evidence in support of his assertion that the trial court lacked “subject
matter jurisdiction” over the case because Citibank’s counsel “lacked standing”
or “authority” to “act on behalf of Citibank.”[2]  See
Tex. R. Civ. P. 12.    

          We review a trial court’s denial of a
motion for new trial for an abuse of discretion.  See Cliff v. Huggins, 724 S.W.2d 778, 778–79 (Tex. 1987).
 To determine whether a trial court
abused its discretion, we must decide whether the trial court acted without
reference to any guiding rules or principles; in other words, we must decide
whether the act was arbitrary or unreasonable.  Cire v. Cummings, 134 S.W.3d 835, 838–39 (Tex. 2004).

Generally, an evidentiary hearing on a motion for new trial
is not mandatory.  In the Interest of
T.B.H.-H., 188 S.W.3d 312,
315 (Tex. App.—Waco 2006, no pet.).  A
trial court is only required to conduct an evidentiary hearing on a motion for
new trial when a motion presents a question of fact upon which evidence must be
heard.  E.g., Hensley v. Salinas, 583
S.W.2d 617, 618 (Tex. 1979); Navistar Int'l Corp. v. Valles, 740 S.W.2d 4, 6–7 (Tex. App.—El
Paso 1987, no writ).  

Emanuel was not entitled to an evidentiary hearing on his
complaint in his motion for new trial because he failed to describe what
evidence, if any, he would have presented to the trial court had an evidentiary
hearing been held.  Hamilton v.
Pechacek, 319 S.W.3d 801, 807 (Tex. App.—Fort Worth 2010, no pet.); Landis
v. Landis, 307 S.W.3d 393,
394 (Tex. App.—San Antonio 2009, no pet.).  Accordingly,
we hold that the trial court did not err in not conducting an
evidentiary hearing on Emanuel’s motion for new trial.  See Landis, 307 S.W.3d at 394. 

We overrule Emanuel’s first issue.  

Motion for Continuance

          In
his second issue, Emanuel argues that the trial court erred in granting Citibank
summary judgment because his motion for continuance “included an affidavit
showing sufficient cause for the continuance.” 


          We
review for an abuse of discretion a trial court’s decision to deny a motion for
continuance.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex.
2004).  The denial will be reversed only
if the trial court acted in an arbitrary or unreasonable manner or without
reference to any guiding rules or principles. 
BMC Software Belg., N.V. v.
Marchland, 83 S.W.3d 789, 800 (Tex. 2002). 
The party complaining of an abuse of discretion has the burden to
present a record showing the abuse.  See Simon v. York Crane & Rigging Co.,
739 S.W.2d 793, 795 (Tex. 1987). 

When a party contends that it has not had an adequate
opportunity for discovery before a summary judgment, it must file either an
affidavit explaining the need for further discovery or a verified motion for
continuance.  Tenneco, Inc. v. Enter.
Prods. Co., 925 S.W.2d 640,
647 (Tex. 1996) (citing Tex. R. Civ. P.
166a(g)); see Tex. R. Civ. P. 251 (“No application for a continuance shall
be heard before the defendant files his defense, nor shall any continuance be
granted except for sufficient cause supported by affidavit, or consent of the
parties, or by operation of law.”); Tex.
R. Civ. P. 252 (providing, among other things, that if motion for
continuance is filed on ground of “want of testimony,” movant must present
affidavit “showing the materiality” of such testimony and that he “used due
diligence to procure such testimony” and “stating such diligence, and the cause
of failure, if known”).  If a motion for
continuance is not verified or supported by affidavit, an appellate court must
presume that the trial court did not abuse its discretion in denying the
motion.  City of Houston v. Blackbird, 658 S.W.2d 269, 272 (Tex.
App.—Houston [1st Dist.] 1983, writ dism’d). 
The affidavit or motion must describe the evidence sought, state with particularity
the diligence used to obtain the evidence, and explain why the continuance is
necessary.  Rocha v. Faltys, 69 S.W.3d 315, 319 (Tex. App.—Austin
2002, no pet.).  If these requirements
are met, then the appellate court considers three non-exclusive factors in
determining the propriety of a trial court’s ruling on a motion for
continuance: (1) the length of time the case was on file; (2) the materiality
and purpose of the discovery sought; and (3) whether the party seeking the
continuance exercised due diligence to obtain the discovery sought.  Joe, 145 S.W.3d at 161.

It is undisputed that Emanuel’s motion for continuance was
not verified and was not supported by an attached affidavit.  However, Emanuel argues that although his
motion for continuance did not contain an affidavit “per se,” his motion was
supported by an affidavit attached to his summary-judgment response in which he
listed “the names of the employees of Citibank whom he would seek to
depose.”   

Emanuel alleged in his motion for continuance that
Citibank’s representatives “had been effectively non-responsive” to his
discovery requests and it was “unclear” whether Citibank’s counsel had the
“proper want of authority to prosecute this suit.”  Even assuming that we could consider Emanuel’s
affidavit attached to his summary-judgment response, this affidavit was
deficient in multiple respects.  See Rocha, 69 S.W.3d at 319.  Despite
his assertions on appeal, the record reflects that his affidavit did not list the
names of the Citibank employees that he wanted to depose, describe the
anticipated testimony of these representatives, or explain how such testimony was
essential to his summary-judgment response. 
See West v. SMG, 318 S.W.3d 430, 443–44 (Tex. App.—Houston [1st
Dist.] 2010, no pet.).  Emanuel’s motion
for continuance also failed to show that he had used due diligence in procuring
the desired depositions and that such testimony was material to his summary-judgment
response.  See Tex. R. Civ. P.
252.

As noted above, Citibank filed its summary-judgment
motion more than four and one-half years after the case’s commencement,
providing Emanuel more than enough time to conduct discovery and seek the aid of
the trial court, if any, in compelling discovery.  See Rest. Teams Int’l v. MG Secs. Corp., 95 S.W.3d 336, 339–41 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). 
Accordingly, we hold that the trial court did not abuse its discretion
in denying Emanuel’s motion for continuance. 


We overrule Emanuel’s second issue.

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

 

 











[1]           See
Tex. R. Civ. P. 12.  





[2]
          Within this issue, Emmanuel asserts that
Citibank’s counsel “lacked standing to prosecute this case and when such
authority was requested trial counsel failed to show that he [had] the
authority to act on behalf of Citibank.” 
Emanuel also asserts that “[a] question concerning want of authority is
a fact question” and “[t]hus upon proper request the trial court herein would
have been required to hold a hearing.”