**Opinion filed February 14, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00193-CV

_____

## IN THE INTEREST OF T.N.S., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 8868-CX**

## MEMORANDUM OPINION

We withdraw our former opinion dated January 17, 2019, and we substitute this opinion therefor. Appellant's motion for rehearing is denied.

T.N.S.'s father appeals from an order in which the trial court terminated his parental rights. On appeal, the father presents four issues related to his execution of an affidavit of voluntary relinquishment of his parental rights. We affirm.

In his first issue, Appellant contends that the evidence is legally and factually insufficient to support the trial court's implicit finding that Appellant signed the

affidavit voluntarily. In the second issue, he complains that he was not afforded a hearing at which he could have shown that he was not taking his medications at the time that he signed the affidavit and was therefore unable to understand the nature and consequences of the affidavit. In his third issue, Appellant asserts that the affidavit was obtained by fraud, duress, or coercion. In the fourth issue, Appellant complains that he signed the affidavit as a result of ineffective assistance of counsel.

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). In this case, the trial court found that Appellant had executed an unrevoked or irrevocable affidavit of relinquishment of his parental rights, as provided for in Section 161.001(b)(1)(K), and that termination was in the best interest of the child.

The record reflects that, just prior to the commencement of a jury trial, Appellant's counsel informed the trial court that Appellant was considering settlement negotiations and asked that Appellant be allowed to talk to his mother. The trial court permitted Appellant to converse with his mother in the presence of Appellant's counsel. After a recess of approximately forty-five minutes, Appellant's counsel informed the trial court that Appellant had signed an affidavit of relinquishment. The parties then waived a jury, and the trial court conducted a brief hearing at which the affidavit of relinquishment was admitted into evidence and testimony regarding the child's best interest was offered.

The affidavit executed by Appellant was an irrevocable affidavit of voluntary relinquishment of his parental rights; it was admitted without objection as an exhibit at trial. The affidavit complies with the requirements of the Family Code. *See* FAM. § 161.103 (setting out the various requirements for affidavits of relinquishment of

parental rights). A Department employee testified that the Department did not coerce Appellant or offer him anything in exchange for signing the affidavit. In the affidavit, Appellant acknowledged that he understood he was giving up all of his parental rights and that he "freely, voluntarily, and permanently" relinquished those rights. Nothing in the appellate record suggests otherwise.

"A direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights or affidavit of waiver of interest in a child is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit." *Id.* § 161.211(c); *see In re K.S.L.*, 538 S.W.3d 107, 110–11 (Tex. 2017). An involuntarily executed affidavit of relinquishment is a complete defense to a termination suit based on Section 161.001(b)(1)(K). *In re K.M.L.*, 443 S.W.3d 101, 113 (Tex. 2014).

In his brief, Appellant makes numerous assertions as to the involuntariness of his execution of the affidavit of relinquishment, including an assertion that Appellant was not taking needed medications when he executed the affidavit. He also makes several assertions in his brief regarding the assistance of his trial counsel. However, none of those assertions is supported by the record from the trial. Appellant did not raise the issue of voluntariness in the trial court during trial. We are not to consider factual assertions that appear in an appellate brief but are not supported by the record. *See Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006). The evidence in the record does not support Appellant's contentions on appeal regarding his alleged involuntary execution of the affidavit of relinquishment or the alleged ineffectiveness of trial counsel.

Appellant complains in his second issue that he has not been afforded a hearing at which he could present evidence in support of his contention that he did not knowingly and voluntarily execute the affidavit of relinquishment. We note that

Appellant filed a motion for new trial regarding matters related to his execution of the affidavit of relinquishment. In his motion for new trial, Appellant asserted that the evidence was insufficient to prove that he signed the affidavit of relinquishment voluntarily and, alternatively, that the affidavit was obtained through fraud, duress, or coercion. Appellant did not attach any affidavits or other documentation to his motion for new trial, nor did he assert in his motion for new trial that trial counsel was ineffective or that there was any "newly discovered evidence" to present to the trial court. *See* TEX. R. CIV. P. 324(b)(1) (complaints in motions for new trial upon which evidence must be heard). Although Appellant requested a hearing on the motion for new trial, the trial court did not hold a hearing on the motion. Under the circumstances presented in this case, we cannot hold that the trial court was required to conduct a hearing on the motion for new trial; the motion did not present a question of fact upon which evidence must be heard. *See Donaldson v. Donaldson*, No. 11-16-00343-CV, 2018 WL 6593798, at *1 (Tex. App.—Eastland Dec. 13, 2018, pet. filed) (mem. op.) (citing *Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 887 (Tex. App.—Dallas 2011, pet. denied); *Landis v. Landis*, 307 S.W.3d 393, 394 (Tex. App.—San Antonio 2009, no pet.)); *see also* TEX. R. CIV. P. 324(b)(1).

Based on the record before us, we are constrained to hold (1) that the evidence is sufficient to show that Appellant voluntarily signed the affidavit of relinquishment; (2) that the trial court did not abuse its discretion in failing to hold a hearing on the motion for new trial; (3) that the record does not indicate that the affidavit was obtained by fraud, duress, or coercion; and (4) that Appellant has not shown that the alleged ineffective assistance of counsel resulted in an involuntarily executed affidavit of relinquishment. Accordingly, we overrule Appellant's first, second, third, and fourth issues on appeal.

We affirm the order of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

February 14, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.