

# NUMBER 13-20-00378-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE GUARDIANSHIP OF SHELLEY THOMSON
## A/K/A SHELLEY SUE THOMSON, AN INCAPACITATED PERSON

**On appeal from the County Court at Law
of Comal County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant Shelley Thomson appeals from the trial court's May 23, 2019 order appointing the Texas Health & Human Services Commission (the Commission) her permanent guardian.[1] By one issue, Thomson contends that the trial court abused its

---

[1] Phil Ross, Selene Smith, and Joann Rivera are listed in the notice of appeal as appellants; however, nether Ross, Smith, nor Rivera are parties to the underlying guardianship matter. Accordingly, we will only refer to Thomson as the appellant.

discretion by denying her motion for new trial by operation of law without a hearing.[2] We affirm.[3]

## I. BACKGROUND

The trial court appointed the Commission as Thomson's permanent guardian on May 23, 2019 after conducting a hearing regarding Thomson's health issues.[4] On June 20, 2019, attorney, Phil Ross filed a motion for new trial and/or reconsideration on behalf of Thomson requesting an independent medical exam and for the trial court to set aside its May 23 order. In the motion, Thomson argued, among other things, that there was no evidence to support the trial court's determination that she lacked capacity, the Commission was violating her rights, and she had been misdiagnosed by the doctor who found her to be incompetent. The motion was overruled by operation of law. This appeal followed.

## II. DISCUSSION

By her first issue, Thomson argues that the trial court abused its discretion by failing to hold a hearing on her motion for new trial.[5] Generally, whether to hold an

---

[2] This case was severed from appellate cause 12-19-00517-CV, which was transferred from the Third Court of Appeals in Austin to this Court pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[3] On December 2, 2019, Ross, Rivera, and Thomson filed a second notice of appeal of several of the trial court's orders including orders signed on May 23, 2019, July 17, 2019, August 19, 2019, and October 31, 2019. The purported appeals from the July 17, 2019, August 19, 2019, and October 31, 2019 orders have been severed from this cause. Thus, this appellate cause only addresses Thomson's appeal of the May 23, 2019 order.

[4] The trial court appointed an attorney ad litem and a guardian ad litem for Thomson, who both appeared during the guardianship proceeding.

[5] Specifically, Thomson argues as follows:

The trial court's May 23, 2019 Order appointing guardian should be reversed because a timely filed motion for new trial was denied by operation of law notwithstanding proffered

evidentiary hearing on a motion for new trial in a civil matter is within the trial court's discretion. *Hamilton v. Pechacek*, 319 S.W.3d 801, 807 (Tex. App.—Fort Worth 2010, no pet.); *see also Landis v. Landis*, 307 S.W.3d 393, 394 (Tex. App.—San Antonio 2009, no pet.) (explaining that a hearing on motion for new trial is generally not mandatory). A trial court is only required to conduct a hearing after it is requested by a party and the motion for new trial presents a question of fact upon which evidence must be heard. *Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979); *see George M. Bishop III v. Commission for Lawyer Discipline*, No. 01-18-01115-CV, 2020 WL 4983246, at *17 (Tex. App.—Houston [1st Dist.] Aug. 25, 2020, no pet. h.) (mem. op.). A party seeking a new trial on grounds of newly discovered evidence must demonstrate to the trial court that (1) the evidence came to his knowledge since the trial, (2) his failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

Thomson does not state a basis that entitled her to a new trial hearing. She has not claimed that she was entitled to a new trial hearing on the basis of newly discovered evidence or that she presented a question of fact upon which evidence must be heard.

---

evidence of available supports and services, and the trial court's denial without hearing or ruling by operation of law was:

a      without reference to guiding rules and principles, or the trial court clearly failed to analyze or apply the law correctly;

b      without making relevant findings supported by legally and/or factually sufficient evidence; or

c      without consideration of Shelley's best interests.

3

Nonetheless, in her brief and in her motion for new trial, Thomson states that she "alleges and would prove that she has available supports and services, which were not known at the time of trial." We construe this as a complaint that there is newly discovered evidence. However, the motion for new trial does not explain why Thomson could not have already provided evidence of the support and services available to her or otherwise obtained the alleged new evidence before the date of trial. Additionally, she does not explain why she could not have already provided evidence of any of the other complaints she makes or otherwise obtained evidence of the other complaints before the date of trial. Therefore, to the extent Thomson claims there is newly discovered evidence, she has failed to demonstrate that it was not owing to want of due diligence that the alleged new evidence did not come to her attention sooner. *See Neyland v. Raymond*, 324 S.W.3d 646, 652 (Tex. App.—Fort Worth 2010, no pet.).

Thomson does not allege on appeal that any of her arguments in the motion for new trial raised a question of fact, and she did not attach any evidence supporting her bald assertion that she has support and services available to her that were not known at the time of trial. Therefore, she has also not demonstrated that there is evidence so material it would probably produce a different result if a new trial were granted. *See Waffle House, Inc.*, 313 S.W.3d at 813. Accordingly, the trial court was not required to hold a hearing on the new trial motion, and therefore, it did not abuse its discretion by ruling on the motion without a hearing. We overrule Thomson's first issue.

Next, by a sub-issue to her first issue, in a stream of consciousness style, Thomson makes multifarious claims that the trial court abused its discretion in denying her motion for new trial because the trial court "failed or refused to apply the law requiring the least

4

restrictive alternative to guardianship to the facts in the record of this case"; Thomson's "personal and property rights are not being protected by the appointment of a full guardian"; "she was misdiagnosed by Dr. Jason Schillerstrom, M. D."; "she presently has sufficient capacity to care for herself and to manage her personal, medical and financial affairs with appropriate supports and services, which may be available to her"; she "would prove that a current determination of capacity will show that she is not fully incapacitated as evidenced by recurring acts or occurrences within the preceding six month period and not by isolated instances of neglect or bad judgment pursuant to the Estates Code, Sec. 1101.102"; and she "would prove that her temporary lack of sufficient capacity to care for herself and manage her personal and financial affairs in January 2019 was caused by a severe deficiency of elemental potassium." However, Thomson cites no pertinent authority and makes no substantive argument explaining why any of these allegations would entitle her to a new trial. *See* TEX. R. APP. P. 38.1(i). Without more, we are unable to address her allegations without making her arguments for her, which we are prohibited from doing. *See Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("'[W]e know of no authority obligating us to become advocates for a particular litigant through performing their research and developing their argument for them.'" (quoting *Jordan v. Jefferson County*, 153 S.W.3d 670, 676 (Tex. App.—Amarillo 2004, pet. denied)). Accordingly, we overrule Thomson's sub-issue.

5

### III. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
21st day of January, 2021.