

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00573-CV

Jeanie Lee **AHRENS**,
Appellant

v.

Elmer **AHRENS**,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 22-727-A
Honorable N. Keith Williams, Judge Presiding

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice
               H. Todd McCray, Justice

Delivered and Filed: July 23, 2025

AFFIRMED

The parties to this appeal entered into a mediated settlement agreement. Because appellant would not sign the final decree of divorce, appellee filed a motion to enter. When the matter came before the trial court, it rendered judgment on the mediated settlement agreement on July 12, 2024.

On August 8, 2024, appellant filed a motion for new trial complaining only that she did not understand that when she signed "APPROVED AND CONSENTED AS TO BOTH FORM AND SUBSTANCE" she was indicating her agreement with the terms therein. Her affidavit in support

of her motion stated, "I did not know what it meant to sign a document as 'agreed to substance.' On the morning of the hearing to sign the decree, the judge ordered me to sign the decree. I did not know that I could sign only to 'form' and not to 'form and substance.'" Her prayer for relief was simply that the trial court order a new trial or remove the "as to substance" language from her signature line on the decree.

The trial court entered Findings and Fact and Conclusions of Law that: the parties entered into the binding mediated settlement agreement freely and voluntarily; the agreement met statutory requirements and set forth a property division that is fair and equitable; and the agreement was not subject to revocation. On appeal, the appellant complains only that the trial court abused its discretion by failing to hear her motion and instead allowing it to be overruled by operation of law.

Generally, the trial court need not hear a motion for new trial and may allow it to be overruled by operation of law. *Landis v. Landis*, 307 S.W.3d 393, 395 (Tex. App.—San Antonio 2009, no pet.). A hearing is required only when the motion "presents a question of fact upon which evidence must be heard." *Id.*; *see also Olsen v. Commission for Lawyers Discipline*, 347 S.W.3d 876, 887 (Tex. App.—Dallas 2011, pet. denied). Here, no question of fact was presented that would have required an evidentiary hearing. Thus, we overrule her one and only point of error and affirm the judgment below.

PER CURIAM